Henry E. Weed, Respondent, *v.* The Hamburg–Bremen Fire Insurance Company, Appellant.

A policy of fire insurance is not invalidated by the fact that no particular person is named therein as the assured.

A judgment of foreclosure gives to the plaintiff no new or increased interest in the mortgaged premises; his status is simply that of mortgagee until a sale under the judgment.

As a general rule, the right of action, in case of a written contract, follows the legal title, and the party to whom, by its terms, it is to be performed is the one entitled to maintain an action thereon.

R. executed to plaintiff a mortgage on certain real estate on which was a grist-mill; thereafter he executed a deed conveying the premises to S. in trust, to receive the rents and profits thereof until sold and apply the same as directed. The trustee was authorized to sell and apply the net proceeds of a sale to the payment of the debts of R., and to reconvey any residue to him. R. remained in possession, claiming to own said real estate, until his death; he died intestate and insolvent. Plaintiff thereafter, with knowledge of the trust deed and without consulta-

tion with the heirs or administrators of R., procured a policy of insur-
ance upon the mill and machinery, he paying the premium himself, by
which defendant insured "the estate" of R.; loss, if any, payable to,
plaintiff. "mortgagee as his interest may appear." Plaintiff's mortgage
contained no provision in reference to insurance. The policy contained
a condition to the effect that if the exact interest of the insured in the
property was not truly stated, it would be void. In an action upon the
policy, *held,* that a finding was justified that the word "estate" was
intended to and did cover all interests in the property; that the real
estate so conveyed by R. remained a part of his estate, to be adminis-
tered for the benefit of his creditors; and that, therefore, the exact
interest was truly stated in the policy, and there was no breach of the
condition.

*Weed* v. *L. & L. Fire Ins. Co.* (116 N. Y. 106), distinguished.

Prior to obtaining the policy, plaintiff had obtained judgment in an action
to foreclose his mortgage, but no sale had taken place under it. This
judgment was not mentioned in the policy, plaintiff being named simply
as mortgagee. *Held,* that there was no misrepresentation, or omission
to mention a material fact.

In the mortgage, the complaint and the proofs of loss, plaintiff appeared
as mortgagee in his own right, and upon the trial he testified he advanced
the money as security for which the mortgage was given. Defendant
alleged in its answer, and offered to prove on the trial, that the mortgage
was in fact executed to secure a bank, of which plaintiff was president,
for advances to be made by it, and that plaintiff had no interest therein,
but that it was made to and held by him "in trust for the benefit of the
bank, and not otherwise," and so that the action was not prosecuted in
the name of the real party in interest. There was no offer to show that
the bank advanced any money on the mortgage. *Held,* that the testi-
mony was properly rejected; that it was immaterial from whence the
money advanced came, as the right of action to enforce payment was in
plaintiff.

*It seems* that if the bank advanced the money and plaintiff took the mort-
gage as its representative and trustee, he could, under the Code of Civil
Procedure (§ 449), sue as trustee of an express trust, without alleging
the trust, as his representative capacity nowhere appeared in the
transaction.

The policy contained a provision requiring notice of a loss to be given
"forthwith." No notice was given, but proofs of the loss were served
nineteen days after the fire, which were received by defendant and
retained, and it requested plaintiff to amend them from time to time,
without any objection or suggestion that proper notice had not been
given. *Held,* that a finding was justified that defendant had waived
the preliminary notice; that if it intended to claim a forfeiture because
of the omission, it should have taken its position promptly, and not have
put the assured to the expense of complying with other conditions.

The proofs of loss were made by plaintiff. the administrator and one of the heirs of R. No objection was made to them on the ground that any other person should have joined in making them. *Held*, that an objection on trial that the proofs were not sufficient, because not made by any person authorized to make them, was untenable.

Reported below, 61 Hun, 110.

(Argued May 5, 1892; decided May 24, 1892.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order made July 11, 1891, which affirmed a judgment in favor of plaintiff entered upon a verdict directed by the court.

This was an action upon a policy of insurance issued by the defendant.

On the 30th day of October, 1873, Orson Richards executed to the plaintiff a mortgage upon his grist-mill at Sandy Hill in this state, to secure the payment within three years of all advances to be made by the plaintiff to him, and all bills, drafts and notes on which he should be maker, indorser, drawer or acceptor which the plaintiff should thereafter discount for him, with interest thereon. On the 1st day of May, 1875, Richards executed and delivered a deed to Dean Sage, conveying to him the grist-mill and other real estate, in trust, to have, hold, enjoy and dispose of the same, and receive the rents, issues, profits and proceeds thereof so long as the real estate, or any portion thereof, should remain unsold and undisposed of under the provisions and in pursuance of the trusts in the deed contained, and until such period to make application of the rents, issues and profits of the real estate as in the deed later provided; and further, in trust, to make sale of the whole or any portion of the real estate at such time or times as to him, the trustee, might seem best, for cash or upon credit, or partly for cash and partly upon credit, or to otherwise dispose of the same; and after payment of all specific liens and incumbrances on the real estate, to make application of the remaining proceeds and all the money and property received by him, first to the payment of the expenses and commissions of the trustee, and then to the payment of all the debts of

Richards, *pro rata*, and the residue of the property was to be·
reconveyed by the trustee to Richards. It does not appear·.
what, if anything, the trustee ever did under the trust deed..
Richards remained in possession of the real estate, claiming to
own the same until his death, September 4, 1879. He died
intestate, insolvent, not having real and personal property suf-
ficient to pay his debts, and leaving a widow and three chil-
dren, all residing at Sandy Hill. The widow and a son, Eber
Richards, were appointed administrators of the estate of the·
intestate, and the widow died in May, 1881.. On the 24th
day of November, 1881, the plaintiff procured a policy of
insurance from the defendant upon the˙ grist-mill and the·
machinery therein, by which policy it insured the "Estate of
O. Richards against loss or damage by fire to the amount of
$1,000 ; $750 on their frame water power grist-mill building,.
$250 on fixed and movable machinery, shafting, pulleys,
hangers and other machinery therein ; loss, if any, payable to·
Henry E. Weed, mortgagee, as his interest may appear." No
mention was made in the policy of the trust deed.

The plaintiff procured the policy without consultation with
the heirs or administrators of Richards, and paid the premium
for the same with his own money. The mortgage to him did
not contain any provision about the insurance of the property,.
and did not authorize the mortgagee to insure the property at
the expense of the mortgagor. The property insured was.
destroyed by fire on the 4th day of February, 1882, and at
that time, and also at the time of the insurance, there was due
upon the mortgage about $12,000,

The plaintiff brought this action to recover upon the policy,
and upon the trial at the close of the evidence the court
directed a verdict in his favor.

Further facts are stated in the opinion.

*A. H. Sawyer* for appellant. There is no proof of the serv
ice upon the defendant of the notice of loss required by the·
terms of the policy. (*Inman* v. *W. Ins. Co.*, 12 Wend.
460 ; *Whitehurst* v. *N. C. Ins. Co.*, 7 Jones' Law, 433 ;

*Edwards* v. *L. Ins. Co.*, 75 Penn. St. 378; *Trask* v. *S. F. Ins. Co.*, 29 id. 198; *R. Ins. Co.* v. *Burwell*, 44 Ind. 460; *Brown* v. *L. Ass. Co.*, 40 Hun, 101; *N. Y. C. Ins. Co.* v. *N. P. Ins. Co.*, 20 Barb. 468.) No sufficient proofs of loss was ever served on the defendant. ( *Weed* v. *L. & L. F. Ins. Co.*, 116 N. Y. 114; *Grosvenor* v. *A. Ins. Co.*, 17 id. 394; *S. Ins. Co.* v. *Maackers*, 38 N. J. L. 514.) The trial court erred in excluding evidence offered by the defendant that the plaintiff was not the owner of the mortgage in question, but that the same was made to secure loans made by the Manufacturers' National Bank of Troy, and held by the plaintiff as trustee for the bank. (Code Civ. Pro. § 449.) The acceptance by the plaintiff of the policy of insurance naming the " estate of 'O. Richards " as the insured, and describing the property as their " frame water-power grist-mill building and machinery therein," was a warranty on the part of the plaintiff that the interest of said estate in the property was absolute, and this warranty being untrue, there could be no recovery upon the policy. ( *Weed* v. *L. & L. F. Ins. Co.*, 116 N. Y. 106.) The question of whether the deed of trust executed by Orson Richards and his wife to Dean Sage was a valid deed, and conveyed to Sage the legal title to the property mentioned and described in the deed, including the property described in the policy of insurance, has been presented to and passed upon by this court and is *res adjudicata*. ( *Weed* v. *L. & L. F. Ins. Co.*, 116 N. Y. 106.) The trust deed executed by Orson Richards and his wife in their life-time to Dean Sage was a valid deed of trust under section 55, article 2, chapter 1, part 2 of the Revised Statutes, and upon its acceptance by Sage, the trustee, conveyed to and vested in him the legal title and estate of all the lands mentioned and described in said deed, including the property in question in this action. (1 Perry on Trusts, § 305; Id. 68, § 82; Pom. Eq. Juris. §§ 153, 374, 989, 991; *Savage* v. *H. Ins. Co.*, 52 N. Y. 502; *Perry* v. *L. Ins. Co.*, 61 id. 214; 2 R. S. 728, § 55; *Donovan* v. *Van DeMark*, 78 N. Y. 244.) The trust to sell lands for the payment of debts is one of the few trusts reserved by the Revised Statutes, and the

one where, especially to carry out the terms of the trust, it is necessary that the legal title should vest in the trustee, and that it should not be construed as a power in trust. (*Heermans* v. *Robertson*, 64 N. Y. 332, 342.) The conveyance to Dean Sage contains no provisions whatever not warranted by the statute. (*Darling* v. *Rogers*, 22 Wend. 483, 486, 491; *Irving* v. *DeKay*, 9 Paige, 521, 527; 5 Den. 646; *Savage* v. *Burnham*, 17 N. Y. 561, 576; *Harrison* v. *Harrison*, 36 id. 543, 547, 548; *Henderson* v. *Henderson*, 113 id. 1, 14; *Woodgate* v. *Fleet*, 44 id. 20.) The deed to Dean Sage was not void as against creditors. (*R. W. Co.* v. *Fielding*, 101 N. Y. 504, 508, 509; *Knapp* v. *McGowan*, 96 id. 75, 86, 87; *Tiemeyer* v. *Turnquist*, 85 id. 516, 522, 523; *Haynes* v. *Brooks*, 116 id. 487, 491; *Hine* v. *Bowe*, 114 id. 350; *Crook* v. *Rindskopf*, 105 id. 476, 488; *Bostwick* v. *Menck*, 40 id. 383.) But even had this deed been void as against creditors, it was valid as between the parties themselves, and under the conditions of the policy rendered the same void. (*Treadway* v. *H. M. Ins. Co.*, 29 Conn. 68; *Baldwin* v. *P. Ins. Co.*, 60 N. H. 164.) The exact interest of the assured, the estate of O. Richards, in the property, at the time of the issuing of the policy, was not truly stated in the policy. (*Lasher* v. *S. J. F. & M. Ins. Co.*, 86 N. Y. 423; *Weed* v. *L. & L. F. Ins. Co.*, 116 id. 106; *Lasher* v. *N. Ins. Co.*, 18 Hun, 98; *Rohrback* v. *G. Ins. Co.*, 62 N. Y. 47, 60.) The statement in the policy that Henry E. Weed was a mortgagee is a misrepresentation that avoids the policy. (*Graham* v. *F. Ins. Co.*, 87 N. Y. 69; *Cole* v. *G. Ins. Co.*, 99 id. 36; *Armour* v. *T. F. Ins. Co.*, 90 id. 456; *Lasher* v. *S. J. F. & M. Ins. Co.*, 86 id. 423; *Weed* v. *L. & L. F. Ins. Co.*, 116 id. 106.)

*G. B. Wellington* for respondent. Each party having asked the court to direct a verdict, the verdict stands as a verdict of the jury, and must be sustained if there is any evidence to support it. (*Sutter* v. *Vanderveer*, 122 N. Y. 653; *Dillon* v. *Cockcroft*, 90 id. 649; *Provost* v. *McEncroe*, 102 id. 650.) The interest intended to be insured by this policy was the

interest of the mortgagee. (*Trowbridge* v. *Horan*, 78 N. Y. 442; *Haight* v. *Mayor, etc.*, 99 id. 284; *Clinton* v. *H. F. Ins. Co.*, 45 id. 660; *Thomas* v. *M. F. Ins. Co.*, 34 Hun, 219; *Pitney* v. *G. F. Ins. Co.*, 65 N. Y. 6; *Dakin* v. *L. Co.*, 77 id. 600; *Van Allen* v. *F. J. S. Co.*, 10 Hun, 397.) The defendant did not, and under its answer cannot, prove that "estate of O. Richards" means "heirs of O. Richards." (*Marks* v. *N. F. Ins. Co.*, 24 Hun, 565; 91 N. Y. 663; *Van Schaick* v. *N. Ins. Co.*, 68 id. 434; *Woodruff* v. *I. F. Ins. Co.*, 83 id. 133; *Stein* v. *N. F. Ins. Co.*, 89 id. 316; *Baley* v. *H. F. Ins. Co.*, 80 id. 23.) If it be suggested that under this construction of the meaning of the expression, the administrator had no insurable interest in this property, I reply that no such ground appears in defendant's motion for a nonsuit; and second, that an administrator of an insolvent estate has an insurable interest in the real estate. (*Herkimer* v. *Rice*, 27 N. Y. 163; *Cone* v. *N. F. Ins. Co.*, 60 id. 619; Wood on Fire Ins. 540; *Lazarus* v. *Com. Ins. Co.*, 19 Pick. 81.) The expression "estate of O. Richards" is broad enough to cover truly the interest of Dean Sage as trustee. The trust deed is void. The title remained in Orson Richards and descended to his heirs. (2 R. S. chap. 1, art. 2, §§ 55, 58, 59; *Rapalee* v. *Stewart*, 27 N. Y. 315; *Cooke* v. *Platt*, 98 id. 38; *N. Y. D. D. Co.* v. *Stillman*, 30 id. 194; *Chamberlain* v. *Taylor*, 105 id. 192; *Darling* v. *Rogers*, 22 Wend. 483; *Tilden* v. *Green*, 40 N. Y. S. R. 512.) The deed is void under the Statute of Uses and Trusts, and no title passed to the trustee, because the deed is void upon its face as against creditors. (*Rapalee* v. *Stewart*, 27 N. Y. 310.) A trustee of an express trust may sue alone. (*Walsh* v. *W. M. Ins. Co.*, 32 N. Y. 427; *Noe* v. *Christie*, 51 id. 270.) It was competent for the jury to find that the defendant waived the omission on the part of the assured to give the defendant notice of loss forthwith. (*Brothers* v. *C. Ins. Co.*, 20 N. Y. S. R. 207; 121 N. Y. 659.)

EARL, Ch. J. The policy contained this provision: "If the exact interest of the insured in the property, whether as

owner, trustee, consignee, factor, agent, mortgagee, lessee, or otherwise, be not truly stated in the policy, then, and in every such case, this policy shall be void;" and the principal contention of the defendant is that the policy was void, because the facts in reference to the trust deed were not truly stated therein.

The solution of the question raised by this contention depends upon the scope and meaning to be given to the words "Estate of O. Richards" contained in the policy.

The policy was valid, although no particular person was named therein as the assured. (*Clinton* v. *Hope Insurance Co.*, 45 N. Y. 454; *Weed* v. *L. & L. Fire Ins. Co.*, 116 id. 106.)

What is the precise significance of the word " estate," when used as it is here, has not been determined in any case, and the law has not assigned to it any definite meaning. It is an indeterminate word, the precise meaning of which is to be ascertained from the circumstances under which it is used. It may be used to represent the interest of administrators in personal estate, or the interest of widow and heirs in real estate, or the interest of all these in both personal and real estate, and the scope to be given to it will depend largely upon the persons who procured the policy, and the purpose for which it was procured. Here the plaintiff knew of the trust deed. He needed an insurance covering all the interests in the property. He could have had no purpose to insure any particular or limited interest. It was difficult, if not impossible, to specify what particular interest the administrator or the heirs or the trustee had, and hence the comprehensive word " estate " was used to cover all the interests. The plaintiff procured this insurance through an insurance broker, and it does not appear that he had any negotiation in reference thereto with the defendant or its agent. He must, therefore, be presumed to have chosen the phrase inserted in the policy, and the defendant assented to it and must be held to have assented to its use in the most comprehensive sense that will give validity to the policy. In the absence of proof it cannot

be assumed that the defendant used the phrase in any restricted sense and certainly not in a sense which would render the policy void *ab initio*. The estate of one who dies intestate may mean all the property which he leaves for his widow, heirs, next of kin and creditors — the whole body of his property as he leaves it at his death. His creditors have the primary lien and claim thereon — first upon the personal property, and if that be not sufficient, then upon his real estate, and by appropriate proceedings the creditors can enforce their claims against both the personal and real estate. The real estate conveyed by Richards to Sage remained a part of his estate. Sage had no personal interest in it. It was not conveyed to him for his benefit. During the life of Richards he was bound to administer it for his benefit in the payment of his debts as directed in the trust deed, and to return the balance to him, and after his death if there was any balance he was bound to return it to his heirs as a part of his estate. If this real estate was not a portion of the estate of Richards to whose estate did it belong? It did not belong to the estate of Sage. It was to go under the trust deed precisely where it would have gone if the trust deed had not been executed, to wit, to the creditors. It was a part of Richards' estate to be administered for the benefit of his creditors, just as it could have been by his administrator if the trust deed had not been executed. Therefore, the words, "Estate of O. Richards" were comprehensive enough to include all the interests in the property left by Richards, and among them those covered by the trust deed. All the property belonged to the "estate."

There was thus no defect in or qualification to the title of the estate, and the exact interest in the property insured was truly stated in the policy when it was represented as belonging to the estate. At least we think this was a possible view of the evidence which the trial judge could take, and that, therefore, it is sufficient, so far as concerns this point, to uphold the judgment. In *Clinton* v. *Hope Insurance Company* (*supra*) the policy was procured by an administratrix upon real and personal property on her behalf and for the benefit of the

widow and heirs of the intestate, and the premium was paid out of the estate, and it insured "The Estate of Daniel Ross." Evidence was given showing that the intention of the parties was to effect an insurance upon both real and personal property for the benefit of the widow and children of the intestate, and it was held that the policy covered the interests of the administratrix, widow and children in the property insured and destroyed by fire; that they were sufficiently described under the words "Estate of Daniel Ross;" that where the designation of the assured may be applicable to several persons, or if the description of the assured is insufficient or ambiguous, so that it cannot be understood without explanation, extrinsic evidence may be resorted to to ascertain the meaning of the contract, and that when thus ascertained it will be held to apply to the interests intended to be covered by it, and they will be deemed to be comprehended within it who were in the minds of the contracting parties. Nothing decided in the case of *Weed* v. *L. & L. Fire Ins. Co.* (*supra*) is adverse to the views we have expressed. The action in that case was by this plaintiff to recover upon another policy taken by him upon the same property, and one of the conditions in that policy was that "if the interest of the insured in the property be any other than the entire unconditional and sole ownership of the property for the use and benefit of the insured, * * * it must be so represented to the company and so expressed in the written part of this policy, otherwise the policy shall be void." There the trust deed to Sage was not communicated to the insurance company, and was in no way referred to or mentioned in the policy, and the policy was on that account held void. There the evidence upon the trial was different from that given upon the trial of this action and the case came before the General Term upon appeal from a judgment in favor of the plaintiff, entered upon the report of a referee, who, among other facts, found that at the time of the issuing of the policy the interest of the "estate of O. Richards" in the property insured was not "the entire unconditional and sole ownership thereof for the use and benefit of the assured."

That finding was regarded as binding upon the plaintiff, and in the end it defeated his action. Here there was no finding adverse to the plaintiff, and he is entitled to every inference which can be drawn from the evidence in his favor. It was well said in that case that such a construction should be adopted as will uphold the whole contract and give effect to all its provisions in preference to one that will render some of its provisions nugatory ; and that the court should, therefore, endeavor to give to the phrase " estate of O. Richards" such meaning as will harmonise it with the condition of the policy, if it can do so without doing violence to the words used ; and the learned judge writing the opinion, said : "Applying these rules of construction to the evidence in this case, it leaves no reasonable doubt as to the persons intended by the expression ' estate of O. Richards.' No doubt the phrase might include the administrator. So it might, without doing violence to language, include the trustee under the Sage deed. But the question here is who did the defendant intend to designate ? It could not have been the trustee, as the agent had no knowledge of the Sage deed ; nor do I think it was intended to include the administrator." And he came to the conclusion, upon the evidence in that case that the intention of the parties to that policy was to insure the heirs of Richards, who succeeded upon his death to his title, and that in consequence of the trust deed they had no title. It is sufficient to say that in this action the evidence is different, and that it is a possible and allowable inference that the intention was to insure all the interests which comprehended and represented the estate of Richards.

We have thus far proceeded upon the assumption that the trust deed was valid and sufficient to pass the title of the property to the trustee. But we do not determine whether it was valid or not, as it is wholly immaterial. If it was not valid then the title remained in Richards at the time of his death and passed as his unqualified estate to his widow and heirs.

But other objections are made to this recovery which must be noticed.

The plaintiff commenced an action for the foreclosure of his mortgage in 1877 and judgment of foreclosure was entered in that action. No sale took place under the judgment, and at the time of the insurance the plaintiff held both the mortgage and the judgment. The judgment was not mentioned in the policy, and the plaintiff was simply named as mortgagee, and hence it is claimed that there was a misrepresentation and omission to mention a material fact. We think the plaintiff remained mortgagee in every real sense, notwithstanding the judgment. That was simply one of the steps in a proceeding to foreclose and realize upon the mortgage. It gave the plaintiff no new right except the right to sell the mortgaged property for the satisfaction of the mortgage. It did not satisfy or destroy the mortgage and it gave the plaintiff no new or increased interest in the property. There was, therefore, no material misrepresentations as to the mortgage.

In the mortgage, the complaint and the proofs of loss, the plaintiff appears as the mortgagee in his own right. He alleges in his complaint that he advanced upon the security of the mortgage upwards of $15,000. The defendant, in its answer, denied that the plaintiff advanced any money upon the mortgage, or that he ever owned it, and alleged that it was made and executed to secure the Manufacturers' National Bank of Troy for such loans and advances as might be made by it to or for the benefit of, or at the request of Richards, and that the plaintiff had no interest in the mortgage; that if the mortgage was executed to and in the name of the plaintiff as mortgagee, it was so made and held by the plaintiff in trust, secret or otherwise, for the benefit of the bank, and not otherwise, and that this action is not prosecuted in the name of the real party in interest. Upon the trial, the plaintiff proved the mortgage, and testified that he advanced to Richards upon the mortgage upwards of $15,000. Upon his cross-examination, he testified that he was formerly president of the bank for many years. The defendant's counsel asked him this question: "Can you tell me when you were president?" This was objected to on the part of the plaintiff as immaterial and

as not the subject of cross-examination, and the trial judge sustained the objection. Defendant's counsel then offered to prove that the mortgage " was not at the time of the commencement of the action, and never had been in fact owned by the plaintiff; that the mortgage was made and executed to secure the Manufacturers' National Bank of Troy for such loans and advances as might be made by the bank at the request of, or to or for, the benefit of said Richards; and that said Henry E. Weed, the plaintiff in this action, had no interest in said mortgage, and that the same was made to and held by the plaintiff in trust for the benefit of the bank, and not otherwise." The plaintiff's counsel objected to this evidence as immaterial, and the judge sustained the objection, and it is claimed that in excluding this evidence, he committed error. There was no offer to prove that the plaintiff did not, as he testified, in fact advance the money upon the mortgage. We have thus these facts : The plaintiff took the mortgage in his own name. He advanced the money upon the mortgage and took the policy, making it payable to himself as mortgagee, and he paid the premium of insurance. There was no offer to show that the bank had advanced any money upon the mortgage. Under such circumstances it is difficult to perceive what the defendant meant to prove or could prove to show that the plaintiff was not the real party in interest in the mortgage and the policy. But if we assume that the offer was to show that the plaintiff advanced the money upon the mortgage in some way as the representative and trustee of the bank, doing the business in his own name, and possibly (there being no proof upon the subject) not disclosing his representative capacity to Richards, then as between him and Richards the liability of Richards was to him, and the contracts with Richards were his contracts. The source from which the money came did not concern Richards. He received the money under a contract with the plaintiff and agreed to pay the plaintiff, and gave him the mortgage to secure payment to him. The transactions were between these two persons, and the right of action to enforce payment and the mortgage were

in the plaintiff. He could at least sue as the trustee of an express trust, under section 499 of the Code, and this he could do without alleging the trust, as his representative capacity did not any where appear in the transactions. It is a general rule of law that in the case of written contracts the right of action follows the legal title, and the party entitled to maintain an action upon a written contract is the one to whom, by its terms, it is to be performed. (*Considerant* v. *Brisbane*, 22 N. Y. 389; *Noe* v. *Christee*, 51 id. 270; *Pitney* v. *Glens Falls Ins. Co.*, 65 id. 6.)

The fire took place on the 4th day of February, 1882. It does not appear that any notice of the loss was given to the defendant. But proofs of the loss were served upon it about the twenty-third day of February, and it claims that the plaintiff cannot recover upon the policy because he did not forthwith give notice of the loss as required by the policy. There can be no doubt that the proofs of loss served upon an insurance company are a sufficient notice of the loss if served in time. In the absence of special circumstances justifying delay it cannot be said that a notice of loss served nineteen days after a fire is " forthwith." But the word " forthwith " in such cases must have a reasonable construction. The assured must have a fair opportunity to serve his notice and a delay of a few days, depending as to the length of time upon all the circumstances of the case, ought not to defeat a recovery upon the policy. So, too, if the insurance company intends to claim that the notice of loss was not served in time it should take its position promptly and not put the assured to the expense of complying with other conditions in the policy upon the assumption that adequate notice had been given. Here the proofs of loss were received and retained without any objection that the proper notice of loss had not been given. Not only this, but the defendant requested the plaintiff to amend his proofs from time to time without any suggestion that the proper notice had not been given. The defendant had undoubtedly obtained through its agent early notice of the loss and was satisfied with that. Under all the circumstances the

defendant may properly be held by its conduct to have waived the preliminary notice of loss.

The defendant makes the further objection that the proofs of loss were not sufficient in that they were not made by any person authorized to make them. They were made by the plaintiff and by the administrator and one of the heirs of Richards, and it does not appear that the defendant objected to them on the ground that any other person should join in making them. If the defendant claimed that the trustee Sage, or any other person should join in making them, it should have specified the objection so that the plaintiff could obviate it.

We, therefore, reach the conclusion that the judgment should be affirmed.

All concur.

Judgment affirmed.