[S. F. No. 854.    Department One.—December 31, 1898.]

PHOENIX INSURANCE COMPANY, Respondent. v. ROBERT J. HANCOCK, Appellant.

FIRE INSURANCE—PROPERTY OF ESTATE—PROCUREMENT OF POLICIES—HEIR—LIABILITY FOR PREMIUM.—Policies of fire insurance procured by an heir of a deceased person on buildings which were at the time of the insurance part of the estate of a deceased person,

and which described the insured as being the estate of such person deceased, are sufficient to extend the protection of the insurance to the interest of the heir in the property, as well as that of the administratrix, and the heir is liable to an action for the recovery of the unpaid premium.

ID.—REFUSAL OF ADMINISTRATRIX TO RATIFY POLICIES.—The heir could not bind the administratrix by procuring insurance for her without authority, but she could ratify his act, even after the occurrence of a loss; yet her failure or refusal to ratify the policies, and her act in declining any interest therein, could not impair their effect upon the interest of the heir or affect his liability for the premium.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. S. K. Dougherty, Judge.

The facts are stated in the opinion.

William F. Gibson, for Appellant.

E. W. McGraw, for Respondent.

BRITT, C.—Action to recover the unpaid premium on several policies of fire insurance issued by plaintiff on certain buildings which are part of the estate of one Samuel Hancock, deceased; said estate is in process of administration, and the administratrix thereof and the defendant in this action, Robert J. Hancock, are the sole heirs of said deceased. The policies purported, respectively, to insure "the estate of Samuel Hancock, deceased," against loss on the several buildings described; there was evidence that they were issued on the procurement of defendant and were delivered to him; neither himself nor the administratrix was named personally in the instruments, and she repudiated any concern therein. Defendant claims that the policies are not contracts of his, that they do not insure his interest in the property, and hence that he ought not to be liable for the premium. There was a verdict and judgment for plaintiff.

We see no difficulty in the case. The phrase "Estate of Samuel Hancock, deceased," used in the policies to describe the party or parties insured, was sufficient to extend the protection of the insurance to the interest of defendant as well as those of the

administratrix in the property. (*Clinton v. Hope Ins. Co.*, 45
N. Y. 454; *Weed v. Hamburg-Bremen Ins. Co.*, 133 N. Y. 394;
*Fire Ins. Assn. v. Transportation Co.*, 66 Md. 339; 59 Am. Rep.
162; *The Sydney*, 27 Fed. Rep. 125; compare Civ. Code, sec.
2591.) Although defendant had no authority to procure in-
surance for the administratrix, yet she could have ratified his
act—even after the occurrence of a loss (*Hooper v. Robinson*, 98
U. S. 528); that she did not do so, but declined any interest in
the policies, could not impair their effect as insurance upon
defendant's interest in the property, nor affect his liability for
the premium. (*Finney v. Fairhaven Ins. Co.*, 5 Met. 192, 196;
38 Am. Dec. 397.) The judgment and order denying a new
trial should be affirmed.

Searls, C., concurred.

For the reasons given in the foregoing opinion the judgment
and order denying a new trial are affirmed.

Garoutte, J., Harrison, J., Van Fleet, J.