WILL & BAUMER CO. v. ROCHESTER GERMAN INS. CO.

(Supreme Court, Appellate Division, Fourth Department. November 15, 1910.)

1. INSURANCE (§ 540*)—FIRE INSURANCE—WRITTEN NOTICE OF LOSS—SUFFICIENCY.

Service of proofs of loss is a sufficient compliance with a requirement in a fire policy that a written notice of loss be given, provided such notice be made in time.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1338; Dec. Dig. § 540.*]

2. INSURANCE (§ 539*)—FIRE INSURANCE—"IMMEDIATE NOTICE" OF LOSS.

Due diligence by insured resulting in notice to the insurer of loss under a fire policy within a reasonable time after the fire, under all the circumstances of the case, is a compliance with a requirement of the policy that "immediate notice" of the loss be given.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1328–1336; Dec. Dig. § 539.*

For other definitions, see Words and Phrases, vol. 4, pp. 3397–3402; vol. 8, p. 7681.]

3. INSURANCE (§ 668*)—FIRE INSURANCE—NOTICE OF LOSS—SUFFICIENCY—QUESTION FOR JURY.

Where circumstances appear which tend to excuse delay of insured in giving notice of loss under a fire policy and tend to show that it was in fact not unnecessarily delayed, it is for the jury to determine as a fact whether the notice given was given in a reasonable time and was a compliance with the requirement of the policy.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1747; Dec. Dig. § 668.*]

4. INSURANCE (§ 539*)—FIRE INSURANCE—NOTICE OF LOSS—SUFFICIENCY.

Both an insurance company and a policy holder were New York corporations, and insured had with its sales agent in San Francisco at the time of the fire and earthquake of April 18, 1906, a considerable amount of merchandise, a part of which was in a retail store and part in a wholesale warehouse in another section of the city. Stock in the retail store was covered by a policy in the insurance company, and the amount of the stock was fluctuating by reason of the sales and additions thereto, so that it was impossible for insured to determine what property was in the retail store at the time of the fire and earthquake until it could hear definitely from its San Francisco correspondent and check up the sales and

---

deliveries. Immediately after learning of the fire, insured telegraphed to its San Francisco agent for information and on the same day wrote its agent to like effect. A reply by letter was received early in May, which did not state what had been lost nor where the fire had occurred, and insured again wrote for detailed information which was received about May 27th. Proofs of loss were at once prepared and forwarded to insured's San Francisco agent for service, who promptly served them on the insurance company's agent in that city. *Held*, that in view of the confusion of business throughout San Francisco and the delay of means of communication with any one there caused by the catastrophe, which actually destroyed more than two-thirds of the city, the jury were warranted in finding that the delay in furnishing the proofs of loss was excusable.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1328–1336; Dec. Dig. § 539.*]

5. INSURANCE (§ 539*)—FIRE INSURANCE—PROOF OF LOSS—SUFFICIENCY.

Provisions of a fire policy as to what insured must do after the loss to recover on the policy should be reasonably and not rigidly construed, and, under a provision requiring immediate notice of loss, plaintiff, as a condition to its right to recover, will not be required to furnish information as to the loss, where the insurer had such information as early and quite as fully as did insured, so that no benefit would be received by insurer from a compliance with such provision.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1328–1336; Dec. Dig. § 539.]

6. INSURANCE (§ 662*)—FIRE INSURANCE—NOTICE OF LOSS—RECOGNITION OF SUFFICIENCY BY INSURER—EVIDENCE.

In an action on a fire policy on property destroyed by the San Francisco fire and earthquake, evidence that the insurance company, on receiving proofs of loss, did not then claim that notice of loss was not timely, but based its objections to the proofs of loss solely upon the ground that there was an earthquake loss not reported, and that it retained the proofs of loss and first asserted that notice of loss was not given in time by its answer in the action, could be considered upon the question as to the insurer's recognition that service of the proofs of loss by fire gave timely notice of the loss within the requirements of the policy.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1697–1706; Dec. Dig. § 662.*]

Appeal from Trial Term, Onondaga County.

Action by the Will & Baumer Company against the Rochester German Insurance Company. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Fred C. Goodwin, for appellant.
Thomas Hogan, for respondent.

ROBSON, J. Plaintiff's recovery was upon a policy of insurance issued by defendant covering a stock of goods in a building designated as No. 27 west side of Grant avenue between Geary and O'Farrell streets, San Francisco, Cal. The property insured is described as "stock, including candles, candle sundries, and oil," and the amount of insurance was $500. The policy contained the usual condition that "if fire occur the insured shall give immediate notice of any loss thereby in writing to the company." The stock insured, and also the build-

ing in which it then was, were totally destroyed in the great San Francisco fire which occurred April 18 to 20, 1906, at the time that city was visited by an earthquake. Defense to this action is based solely upon the ground that plaintiff did not give defendant immediate notice in writing of the loss, as required by the policy. The only written notice of this loss given by plaintiff to defendant was by the service of formal proofs of loss, made June 18, 1906, 60 days after the fire. Service of proofs of loss is a sufficient compliance with the requirement that written notice of loss be given, if such service be made in time. Weed v. Hamburg-Bremen Fire Ins. Co., 133 N. Y. 394, 407, 31 N. E. 231. The single question submitted to the jury was whether, under all the circumstances, service of the proofs of loss was service within a reasonable time of the notice of loss required by the policy.

That due diligence by the insured resulting in notice to the insurer of the loss within a reasonable time after the fire, under all the circumstances of the case, is a compliance with the requirement of the policy that immediate notice of the loss be given, has often been held by the courts, and the court in this case so charged. Solomon v. Continental Fire Ins. Co., 160 N. Y. 595, 600, 55 N. E. 279, 280, 46 L. R. A. 682, 73 Am. St. Rep. 707. In the prevailing opinion in that case many of the authorities sustaining that proposition are referred to, and the statement of the principles found in May on Insurance seems to be accepted as the true construction to be given to such a provision. The court says:

"May in his work on Insurance in effect says that, if the notice is required to be immediate, the requirements will be met if it is given with due diligence under the circumstances of the case and without unnecessary or unreasonable delay of which the jury are ordinarily the judges."

That a delay of much less than 60 days in giving notice of loss would be unreasonable, in view of the requirement that immediate notice of loss should be given, is evident, unless the delay be in some way excused. But where circumstances appear which tend to excuse the delay in giving the notice and tend to show that it was in fact not unnecessarily delayed, it is for the jury to pass upon the merit of the excuse and determine as a fact whether the notice given was given in a reasonable time and was a compliance with the requirement of the policy. To this effect is the case of Harnden v. Milwaukee Mechanics' Ins. Co., 164 Mass. 382, 41 N. E. 658, 49 Am. St. Rep. 467, where, though there had been a delay of two months in furnishing the verified statement of loss, which was by the policy required to be rendered forthwith, it was held to be a question of fact for the jury to determine whether under all the circumstances the statement had been rendered within the time required. So in the present case it seems a like question of fact was presented for the jury's determination.

Plaintiff and defendant are both New York State corporations; the former having its principal place of business at Syracuse and the latter at Rochester in this state. Plaintiff had with its sales agent in San Francisco a considerable amount of merchandise, a part of which was at 27 Grant avenue, the retail store of the agent, and a part in the agent's wholesale warehouse in another section of the city. The property covered by this policy was the stock in the retail store from which

sales were made, and was necessarily fluctuating in amount as sales were made therefrom and additions made thereto. It was impossible, therefore, for plaintiff to determine what property was in fact at the retail store at the time of the fire until it had had an opportunity to hear definitely from its San Francisco correspondent and check up sales and deliveries at the retail store. Immediately after learning of the fire, plaintiff's president telegraphed to its agent in San Francisco for information as to the fire and on the same day wrote its agent to like effect. The only answer received was by letter early in May. This reply was, as the court charged the jury it might find, "not definite; that it did not say what had been lost, where the fire had occurred, whether in regard to one stock of goods or the other, how great the loss was, or whether it amounted to anything or not." On receipt of this letter, plaintiff again wrote asking detailed information, which was received about May 27th or 28th. At once proofs of loss were prepared and forwarded to plaintiff's San Francisco agent for service, who promptly served them on defendant's agent in that city. The delay in procuring the necessary information as to the nature and amount of plaintiff's loss the jury were well warranted in finding was excused by the confusion of business throughout the city and the delay of mails and other means of communication with any one there, caused by the catastrophe which had actually destroyed more than two-thirds of the whole town. That a fire had occurred, and that whatever goods plaintiff had at the agent's retail store were destroyed, plaintiff doubtless knew early in May when it received the reply to its first letter to its agent. But the particulars of the loss it did not know. It could then, of course, have notified defendant that there had been a fire, and that whatever goods it had at 27 Grant avenue had been burned. But that fact, as the evidence discloses, was already well known to defendant. The loss had occurred, whatever its extent, and the liability of defendant was a fact, provided only plaintiff made it available by compliance with the requirements of the policy on its part as to notice and proofs of loss. Such provisions as to what the insured must do after the loss has occurred, it has always been held, should be "reasonably and not rigidly construed." Solomon v. Continental Fire Ins. Co., supra. It would seem that the useful purpose to be served by requiring plaintiff to give defendant this notice was that it might be promptly advised that a fire had occurred. That information defendant had as early, and quite as fully and particularly, as had plaintiff. To hold that plaintiff must, as a condition upon which its right to recover depended, furnish information already well known to defendant, would be to give a rigid and technical construction of this provision of the policy, from a compliance with which defendant could receive no benefit. Such construction should not be adopted. Omaha Fire Ins. Co. v. Dierks, 43 Neb. 473, 482, 61 N. W. 740.

It also clearly appears that on receiving the proofs of loss defendant did not then assume the position that the notice of the loss thereby given was not timely. It then based its objection to the proofs of loss solely upon the ground that there was an earthquake loss not reported.

It retained the proofs of loss and first asserted that notice of loss was not given in time by its answer to plaintiff's complaint. This fact was one the jury was entitled to consider upon the question as to defendant's recognition that service of the proofs of loss gave timely notice of the loss within the requirements of the policy, and is an additional reason why the verdict of the jury should not be disturbed.

The judgment and order should be affirmed, with costs. All concur.