THE GREENWICH BANK, Plaintiff, *v.* THE HARTFORD FIRE INSUR-
ANCE COMPANY OF HARTFORD, CONNECTICUT, and Others,
Defendants.

THE GREENWICH BANK, Plaintiff, *v.* Eight Other Insurance Com-
panies, Defendants.

Supreme Court, New York County, June 12, 1926.

Insurance — fire insurance — actions to recover on fire insurance policies for loss occurring on January 29 and February 17, 1922 — notice of loss given March first, not immediate within meaning of policies — retention of formal proofs of loss by insurance companies does not constitute waiver.

In actions to recover under fire insurance policies for losses arising from fires occurring on January 29 and February 17, 1922, plaintiff cannot recover where the notice of loss was not mailed to the defendant until March first, since said notice does not constitute an immediate notice of loss within the meaning of the policies.   The fact that plaintiff's broker did not turn over the policies sued upon herein upon the assumption that the companies carrying the risks would not be liable for the loss, cannot be said to constitute an excuse for the delay in giving notice of loss.

The fact that the carriers retained in their possession plaintiff's formal proofs of loss does not constitute a waiver on their part, since at the time the notice of loss was mailed plaintiff's cause of action had been destroyed by reason of delay in giving notice.

ACTIONS to recover under fire insurance policies.

*Goldstein & Goldstein* [*David Goldstein* and *Alex Davis* of counsel], for the plaintiff.

*Frederick T. Case,* for the defendants.

PROSKAUER, J.   Irrespective of the other defenses, plaintiff cannot recover for failure to give immediate notice of loss.   The fires occurred on January 29 and February 17, 1922.   The notice was

not mailed till March 1, 1922. Plaintiff relies on the following facts to justify delay: The assured's broker turned over all of the policies (except the ones here involved) to the adjusters who had been employed to represent assured. He did not turn over the policies here sued upon because he assumed that these companies (having refused to transfer the policies to the receiver for the assured) would not be liable for the loss. These facts do not excuse the delay. In every case cited by plaintiff the delay was either waived (*Weed* v. *H. B. F. Ins. Co.*, 133 N. Y. 394; *O'Brien* v. *Phœnix Ins. Co.*, 76 id. 459; *Carpenter* v. *G. A. Ins. Co.*, 135 id. 298), or was due to unavoidable delay. (*Matthews* v. *American Cent. Ins. Co.*, 154 N. Y. 449; *Solomon* v. *Continental Fire Ins. Co.*, 160 id. 595; *Will & Baumer Co.* v. *Rochester German Ins. Co.*, 140 App. Div. 691.)

Here the delay was caused by the mistaken assumption of the assured's agent that the policies had lapsed. Though some decisions have excused delay for mutual mistake (*Tracey* v. *Standard Acc. Ins. Co.*, 119 Me. 131; 9 A. L. R. 521; 109 Atl. 490) or unavoidable delay (*Metropolitan Casualty Ins. Co.* v. *Johnston*, 247 Fed. 65), none have gone so far as to hold the assured's unilateral mistake of law an excuse. So to do would entirely defeat the clause requiring immediate notice of loss.

The only fact relied upon as constituting a waiver is that the insurance companies subsequently retained the formal proofs of loss. There are cases (such as *O'Brien* v. *Phœnix Ins. Co.*, 76 N. Y. 459) which hold that, where there are formal defects in proof of loss, its retention without protest by the company will constitute a waiver. These cases rest on the principle that the assured, lulled into security, refrained from doing something which he might otherwise have done to perfect his claim. But here the proofs of loss were not served until weeks after expiration of a reasonable time for the giving of the preliminary notice of loss. In this the case is similar to *Perry* v. *Caledonian Ins. Co.* (103 App. Div. 113, 117), where HOUGHTON, J., writes: " Silence operates as an assent and creates an estoppel only where it has the effect to mislead. * * * The plaintiff was in no way misled by the retention of the proofs of loss. His rights were gone before he attempted to serve them. His position was made no different because the company ignored his statement or failed to inform him that his proofs of loss were not properly furnished."

In *Sinincrope* v. *Hartford Fire Ins. Co.* (207 App. Div. 114, 117) CLARK, J., writes: " Concededly the paper claimed to be a proof of loss was not served until long after the sixty-day period had expired. That being so, whatever rights plaintiffs had under the policy

were extinguished by the terms of the policy itself, so that the retention of the so-called proofs of loss, concededly served late, would not estop defendant from claiming such failure as a defense and insisting that the insured was not entitled to recover on the policy."

In the instant case the assured lost its rights under the policies when it failed to give immediate notice of loss. Its cause of action was gone when it served its proofs of loss. Therefore, their retention by the insurance companies was not a waiver.

Verdicts directed for the defendants; exceptions to plaintiff; thirty days' stay; sixty days to make a case.