THE GREENWICH BANK, Appellant, v. THE HARTFORD FIRE INSUR-
ANCE COMPANY OF HARTFORD, CONNECTICUT, Respondent,
Impleaded with THE HEMPSTEAD PLAINS COMPANY and Others,
Appellants.*

First Department, December 30, 1927.

**Insurance — fire insurance — action to recover on policies — defense of
failure to give immediate notice of loss — immediate notice means
notice within reasonable time — delay of from thirteen to thirty-two
days not unreasonable — mortgagee clause permits notice by mortgagee
within sixty days after notice of failure of mortgagor to make proof of
loss — failure of receiver of mortgagor to give notice does not affect
rights of mortgagees — standard mortgagee clause is to be read into
policies that are payable as interest may appear — appointment of
temporary receiver in bankruptcy not voluntary transfer making
policies void.**

This is one of nine actions on nine separate insurance policies against the respective
insurers.   Under stipulation the actions were tried as one.   All the policies are
standard in form and upon the same property and the policy involved in the
case at bar was issued to the insured " for account of whom it may concern."
All of the policies mentioned the plaintiff and others as mortgagees or payees.
The loss was occasioned by two fires, one on January 29, 1922, and the other on
February 17, 1922, and notice of loss was mailed on March 1, 1922.   One defense
is that " immediate " notice of loss was not given.   Failure to give prompt
notice of loss was due to the erroneous assumption by a broker of the
assured that the insurance companies would not be liable since they had
refused to transfer the policies in question to the receiver in bankruptcy of
the insured.

The word " immediate " means within a reasonable time, and in the absence of
any evidence to show injury or change of position on the part of the insurance
companies due to the failure sooner to give notice, it cannot be said that a
delay of thirty-two days as to one fire and thirteen days as to the other is
unreasonable.

Even though the receiver of the owner did not give notice of loss with sufficient
promptness, the rights of the mortgagees are not affected, since the policies
provide that upon the failure of the insured to render proof of loss, such mort-
gagee shall, as if named as insured and within sixty days after notice of such
failure, render proof of loss and shall be subject to the provisions of the policy
as to appraisal and times of payment.   This provision constitutes an independent
contract between the insurer and the mortgagee which is entirely distinct from
that between the insurer and the owner or an assignee of the owner.

While some of the policies did not contain the standard mortgagee clause, still
the rule is that such clause must be read into all the policies, since they all were
payable as interest might appear.

The appointment of a temporary receiver in bankruptcy did not avoid the
policies under a clause making the policies void, where the possession of the
property is voluntarily transferred without the consent of the insurer, for the
possession in this case was in the court through the receiver and there was no
voluntary transfer in violation of the terms of the policies.

* Revg. 127 Misc. 408.

First Department, December, 1927.          [Vol. 222

APPEAL by the plaintiff and by the defendants, The Hempstead Plains Company and others, from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 15th day of July, 1926.

*Frank C. Laughlin* of counsel [*Thomas G. Frost* and *Joseph W. Kirkpatrick* with him on the brief; *Goldstein & Goldstein,* attorneys], for the plaintiff, appellant.

*Henry C. Burnstine* of counsel [*Burnstine & Geist,* attorneys], for the appellants, The Hempstead Plains Company, The New Netherland Bank of New York, and Percival Wilds, as trustee, etc.

*Frederick T. Case,* for the respondent, The Hartford Fire Insurance Company of Hartford, Connecticut.

FINCH, J. This action is based upon a fire insurance policy. The learned court at Trial Term directed a verdict for the defendant Hartford Fire Insurance Company of Hartford, Connecticut, upon the ground that the assured lost its rights under the policy because it failed to give immediate notice of loss, as required by the policy, for the reason that an agent of the assured mistakenly assumed that the policy had lapsed.   (127 Misc. 408.)

For the reasons hereinafter given the judgment must be reversed and a new trial ordered.

The facts, in so far as necessary to indicate the reasons for our decision, are briefly as follows: The action is one of nine actions upon nine separate insurance policies against the respective insurers. It was stipulated that they should be tried as one, that separate judgments should be entered, that one appeal should be taken and that the judgments in the other actions should abide the event of this appeal.   All of said policies are in the standard form upon the same property of the Alexandre Works, Inc.   The policy involved in the case at bar was issued to "The Alexandre Works, Inc., for account of whom it may concern and/or as interest may appear."   It further provides: "Loss, if any, payable to the Hempstead Plains Company, The Greenwich Bank, and The New Netherland Bank of New York, as their respective interests may appear." Of the other policies, five were issued to "Alexandre Works, Inc., as owner," three were issued to "Alexandre Works, Inc., and/or The Greenwich Bank, as interest may appear."   All of the policies insured "Alexandre Works, Inc., for account of whom it may concern."   All of the policies also mentioned the Hempstead Plains Company, the Greenwich Bank and the New Netherland Bank of New York as mortgagees or payees.   There were two fires; the first occurred January 29, 1922, and the second February

seventeenth of the same year.  The notice of loss was mailed to the insurance company March 1, 1922.  The facts relied on to justify the delay follow: The assured's broker turned over all the fire insurance policies, except the ones here involved, to the adjusters who had been employed to represent the insured.  The policies here in suit were not turned over because the broker of the assured assumed that the defendant companies would not be liable for the loss, since they had refused to transfer the policies to the receiver in bankruptcy, who had been appointed by the United States District Court for the assured.  It cannot be said as a matter of law that the notice of loss given in the case at bar did not comply with the policies.  As already noted, there were two fires, the first doing some $17,000 worth of damage and the second doing some $300,000 worth of damage.  From the time of the first fire until notice of loss was given thirty-two days elapsed and from the time of the second fire, thirteen days.  The wording of the policies is not that notice must be given within a definite period of time but the word " immediate " is used, which presupposes some indefiniteness as to time even though short and has been construed by the court to mean " within a reasonable time under all the circumstances of the case."  In *Solomon* v. *Continental Fire Ins. Co.* (160 N. Y. 595, 600) the court said: " Whether, under all the circumstances, immediate notice was given within the meaning of the policy, when fairly construed, was the question to be determined in this case.  The word ' immediate,' like ' forthwith,' does not mean instantly, but immediate notice is notice within a reasonable time.  In determining what was a reasonable time, it was necessary for the referee to take into consideration the situation of the plaintiff and all the circumstances by which he was surrounded. If they justified him in finding that the plaintiff used due diligence in discovering the policy, in ascertaining what it required and in preparing and serving the notice of loss, then the referee was justified in determining that the notice was sufficient under the provisions of the policy.

" May, in his work on Insurance, in effect says, that if the notice is required to be immediate, the requirements will be met if it is given with due diligence under the circumstances of the case, and without unnecessary and unreasonable delay, of which the jury are ordinarily the judges."

At the time of the fires the assured was not in default under the policies.  The insurance companies had received the premiums and issued protection for loss in accordance with the provisions of the policies.  It is true that they cannot be made to pay except in accordance with the terms of the contract and no court can

substitute another contract for that which the parties have made for themselves. But the terms of the contract as made should receive such a construction as fairly to carry out the intention of the parties as expressed in the whole contract. The provisions of the contract requiring immediate notice must be considered as having been placed therein for the protection of the insurance companies. There is nothing in this record to show that there is any issue as to an injury or change of position on the part of the insurance companies because of the failure sooner to give notice. Certainly the time elapsing between the last fire on the seventeenth day of February and the time of the sending of the notice cannot be said as matter of law to have caused the insured to lose its rights under the policies. Assume that the assured for two or three days was under the mistaken assumption that the policies had lapsed and delayed giving notice of loss for that period. Could it be contended that the companies might plead as a complete defense against the rights which they had assumed under these policies the failure to give immediate notice of loss because of this mistaken assumption on the part of the assured? If this is not so, then it is difficult to see how the delay in the case at bar would be fatal as matter of law.

In *Solomon* v. *Continental Fire Ins. Co. (supra)*, from which the quotation above is taken, it appears that it was not until fifty days after the fire that the policy was found, and it was there held it could not be said as a matter of law that the service of the notice was too late under the requirements of the policy.

There are, however, other facts in the case at bar upon this question of notice which cause us to arrive at the same result. As already noted, the indorsements on the policies said " loss, if any, payable to The Hempstead Plains Company, The Greenwich Bank and The New Netherland Bank of New York, as their respective interests may appear." Whether or not the receiver, standing in the place of the mortgagor, gave notice of loss with sufficient promptness under the circumstances of this case, does not affect the rights of any of these other claimants. The policies provide: " Upon failure of the insured to render proof of loss such mortgagee shall, as if named as insured hereunder, but within sixty days after notice of such failure, render proof of loss and shall be subject to the provisions hereof as to appraisal and times of payment and of bringing suit."

Because of the situation of the parties and of the fact that the mortgagee would not be in possession of the premises, the requirements of notice of loss do not apply to the mortgagee equally with the owner. This much may at least be said: That it is clear under

the wording of the policies that where such a mortgagee or payee clause was affixed, as in the case at bar, the effect of such a clause was to create between the mortgagee and the insurance companies an independent contract distinct from that of an assignee or one who merely claims through the owner. (*Heilbrunn* v. *German Alliance Ins. Co.*, 140 App. Div. 557; affd., 202 N. Y. 610.) In *McDowell* v. *St. Paul Fire & Marine Ins. Co.* (207 N. Y. 482) Judge MILLER, writing for a majority of the court, said: " It was plainly the intention of the parties that the plaintiff as mortgagee should have an interest in the insurance superior to that of the owner. The loss was to be first payable to the plaintiff. The defendant's construction of the contract defeats that purpose. It permits the destruction of that interest after a loss has occurred by the arbitrary refusal of the insured, *i. e.*, the owner, to make proof of loss. It is reasonable that those conditions which affect the risk, while it is subsisting, should apply alike to mortgagor and mortgagee, unless the parties have expressly stipulated otherwise by attaching a mortgagee clause. It is unreasonable that, after a loss has occurred, the interest of the mortgagee should be subject to the caprice of the owner, and that is equally true whether there be a mortgagee clause or merely an indorsement as in the case at bar."

While, as noted, in but five of the policies, and in respect of the interest of the Hempstead Plains Company only, was the standard mortgagee clause incorporated, such clause is to be read into all the policies, since they are payable as interest may appear, and the particular interest where not defined is but a matter of proof. As was said by Judge MILLER in *McDowell* v. *St. Paul Fire & Marine Ins. Co.* (*supra*), in discussing the rights of a mortgagee under a policy without a mortgagee clause but payable " as his interest may appear: " " This court decided in *Heilbrunn* v. *German Alliance Insurance Co.* (202 N. Y. 610) that the said later provisions relating in terms to the ' insured ' or mortgagor did not apply to a mortgagee and adopted the opinion of Mr. Justice SCOTT on the point. (*Vide* 140 App. Div. 557.) There was a mortgagee clause attached to the policy in that case, but the reasoning of that opinion applies with equal force to a case like this, in which, by an indorsement on the policy, an interest is created by the act of the parties in favor of a mortgagee." It, therefore, follows that as to the mortgagee defendants, appellants in the case at bar, the same requirements as to time of mailing notice of loss required of the owner cannot be said to apply to them.

We are thus brought to a consideration of the question raised by the respondent that the appointment of a temporary receiver in bankruptcy of itself voids the policies in question. Upon principle,

it would not seem, where the court places the property in the hands of a temporary holder acting as the representative of, and under the direction of, the court for the purpose of preserving the assets for the benefit of all those who have claims therein, that such an act would violate a provision in a policy providing that it shall be void upon a change of possession without the consent of the insurer. The possession of the court, through its representative, still remains the possession of those entitled thereto. Such an act is certainly of a character totally different from that of a person entitled to possession who has voluntarily transferred the possession of the same to that of another. Certainly under the common law, considered in the light of seizin, it would not be held that such a temporary holding for the benefit of those entitled thereto as is undertaken by the court in the appointment of a receiver, would amount to a voluntary transfer of possession, which latter would seem to be what is prohibited by the terms of the insurance policies without the consent of the insurer, and it has been distinctly so held. In 17 American Law Reports, 382, being the note to *Bowling* v. *Continental Insurance Co.*, it is said: " Effect of appointment of receiver. The rule seems well settled that the appointment of a receiver does not violate a provision that the policy shall be void if any change takes place in the interest, title, or possession of the insured property, the possession under such circumstances being that of the court, through the receiver, who holds the property for the benefit of all parties interested."

In *Bowling* v. *Continental Insurance Co.* (86 W. Va. 164, overruling *Bronson* v. *New York Fire Ins. Co.*, 64 id. 494) it is said: " The appointment of a receiver does not effect a change of title to the property. He is merely a custodian or caretaker acting for and under the direction of the court whose representative he is. When he assumes possession of the property, he does so in the capacity of temporary occupant whose only duty is to preserve the assets intrusted to him pending the determination of the court respecting conflicting claims thereto, and if in favor of the owner, to return his property to him intact, as far as possible under the circumstances. The receiver enjoys none of the beneficial incidents which ordinarily are characteristic of a legal possession. He represents not his own but the interests of others."

In *Walradt* v. *Phœnix Ins. Co.* (136 N. Y. 375) the Court of Appeals said: " The change of possession produced by the levy and the action of the sheriff remains to be considered. The policy is not avoided, by the terms of the condition referred to, by every change of possession that may take place in the property. A change of occupants, without increasing the hazard, is excepted

from the operation of the condition and does not invalidate the insurance."

The appointment of the receiver by the court, therefore, did not void the policies.

The judgment appealed from should be reversed and a new trial ordered, with costs to the appellants to abide the event.

Dowling, P. J., Merrell and McAvoy, JJ., concur.

Judgment reversed and new trial ordered, with costs to the appellants to abide the event.