(6 Misc. Rep. 49.)

### FRANKFURTER v. HOME INS. CO.

(City Court of New York, General Term. November 27, 1893.)

1. INSURANCE—WAIVER OF CONDITION IN POLICY.
> A condition in a policy which requires the consent of the company to the procurement of additional insurance to be indorsed on the policy is waived, where the manager of the company, on being requested to make such indorsement, replies that it is unnecessary.

2. PLEADING—AMENDMENT.
> A trial court has the right to allow the amendment of a complaint so as to increase the amount claimed to that proved on trial, since such amendment does not change the cause of action.

Appeal from trial term.

Action by William Frankfurter against the Home Insurance Company on a policy of insurance. From a judgment entered on a verdict directed for plaintiff, defendant appeals. Affirmed.

Argued before McCARTHY and NEWBURGER, JJ.

Richards & Heald, for appellant.
David Leventritt, for respondent.

NEWBURGER, J. This is an appeal from a judgment of the lower court entered upon a verdict of the jury rendered by direction of the court at the close of plaintiff's testimony, and after defendant's counsel stated that he should not put in any testimony. It is conceded that a policy of insurance was issued to the plaintiff's assignors; that fire destroyed the property which was covered by the policy; that the company received and retains the premiums paid by the insured. It is claimed by defendant, however, that, other insurance having been obtained without defendant's consent indorsed upon the policy, the policy is void, and that the plaintiff is not entitled to recover. Whatever rights the defendant had under the provision of the policy which provided that the policy should be void "if any additional insurance was procured on the property covered by the policy" were waived by the defendants. It

v.26N.Y.s.no.1—6

appears that one of the plaintiff's assignors called on the manager of the defendant, and requested the said manager to indorse on the policy that other insurance had been procured, when said manager replied that it was not necessary. This, under the rule laid down in Pechner v. Insurance Co., 65 N. Y. 195, was clearly a waiver. An agent or manager who has the power to issue and cancel policies, and indorses consents, certainly has the power to waive any condition in the policy. The proof clearly shows a compliance on the part of the plaintiff's assignors with the terms and conditions of the policy.

The court had a perfect right to amend the complaint so as to increase the amount to that proven on the trial. The defendant did not object to the motion on the ground of surprise, and, as the amendment did not change the cause of action, the motion was a proper one. The judgment must therefore be affirmed, with costs.