(8 App. Div. 354)

## SHARP v. MILWAUKEE MECHANICS' INS. CO.

(Supreme Court, Appellate Division, Fourth ·Department.   July 30, 1896.)

INSURANCE—PROOFS OF LOSS—WAIVER:

The assured, after loss, verbally notified the insurance agent, who there-upon notified the insurance company, which sent its adjuster to adjust the loss. An agreement was then entered into for the appraisal of the loss by the adjuster. The assured frequently applied to the insurance agent for blanks on which to make out proofs of loss, and the agent promised to furnish them, and informed the assured that the insurance company had been notified, and that the check for the amount of the appraisal would soon be received. Afterwards, and after the time limited by the policy, the assured sent proofs of loss to the insurance company, which received and retained them without objection. *Held*, that the provision of the policy that proofs of loss should be made within a certain time was waived.

Appeal from judgment on report of referee.

Action by James B. Sharp against the Milwaukee Mechanics' Insurance Company, impleaded, on a fire insurance policy.   Judgment was rendered in favor of plaintiff for $569.76 and costs, and defendant insurance company appeals.   Affirmed.

On the 18th day of July, 1892, the appellant, in consideration of $3.60, paid by the plaintiff to Samuel J. Jacoby, its duly-authorized local agent, made, executed, and delivered to the plaintiff its policy of insurance, whereby it insured the plaintiff against loss or damage by fire to the amount of $600 upon his two-story frame, shingle-roof dwelling house, situate on the west side of Rumsey street, in the village of Seneca Falls, N. Y., for the term of three years.   On the 1st day of October, 1892, the dwelling house was destroyed by fire, without any fault of the plaintiff. The referee finds: "That, immediately after said fire, the plaintiff verbally notified said Samuel J. Jacoby, the local agent of said company, as aforesaid, who thereupon at once notified said company by telegraph and by letter of said loss. That pursuant thereto, and on or about the 10th day of October, 1892, said defendant sent its adjuster to Seneca Falls, to adjust said loss.   That an agreement in writing was then and there entered into between plaintiff and defendant, pursuant to the terms of said policy of insurance, by which the amount of loss was to be appraised by said adjuster for said company, and one B. F. Peck for plaintiff: and an award in writing, pursuant to said submission of appraisal, was thereupon duly made, by which the amount of said loss was duly fixed and agreed upon between said parties at the sum of four hundred and eighty dollars and thirty-four cents, which award was immediately thereafter delivered by said adjuster to said company. That the plaintiff frequently applied to said Jacoby for blanks to make out proofs of loss within the time limited by terms of policy for so doing.   That Jacoby promised to furnish same, and informed plaintiff that the defendant had been notified, and that the check for the amount of appraisal would soon be sent on; and plaintiff relied upon said statements.   That on the 9th day of December, 1892, and more than sixty days before the commencement of this action,· this plaintiff made and executed proofs of loss in writing in due form, and properly verified, and mailed same to defendant company; and said proofs were received by it at its New York office on the 10th day of December, 1892, and have been ever since retained by said company without objection. * * * That said defendant Milwaukee Mechanics' Insurance Company, by entering into said agreement of arbitration and appraisal before expiration of the time within which proofs of loss should have been furnished, and the retention of same without objection, has waived the earlier furnishing of same, as required by the terms of its said policy. That the sum of four hundred eighty dollars and thirty-four cents became due and payable from said defendant to the plaintiff herein on the 7th day of February, 1893, and remains wholly un-

paid." The appellant filed four exceptions to matters mentioned in the referee's report. Only two of them, however, relate to questions of law: (1) That the defendant is indebted to the plaintiff in the sum of four hundred eighty dollars and thirty-four cents; (2) that the defendant Wayne Building, Loan and Accumulating Fund Association has interest in said recovery to the amount of two hundred and twenty-six dollars and three cents.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, WARD, and GREEN, JJ.

Satterlee, Yoeman & Taylor, for appellant.

J. N. Hammond, George W. Pontius, and S. N. Sawyer, for respondent.

HARDIN, P. J. No case containing exceptions is presented, and the only questions that can be considered are those arising upon the judgment roll and exceptions to the findings of law by the referee. The appellant, in order to succeed, must show "that the trial court could not, in any view of the facts found, properly have ordered judgment for the plaintiff." Insurance Co. v. Barnard, 96 N. Y. 525.

Appellant's defense is predicated upon the failure of the plaintiff to make proofs of loss within the 60 days mentioned in the stipulation in that regard in the policy. It must be assumed that the stipulation requiring proofs of loss to be made and filed within 60 days is a condition precedent to the right to recover upon the policy.

A similar stipulation was under consideration in Smith v. Insurance Co., 47 Hun, 38, and it was there said:

"This was a condition precedent, and the plaintiff was not entitled to recover unless the strict performance of the condition was in some manner waived by the defendant."

In Rademacher v. Insurance Co., 75 Hun, 88, 27 N. Y. Supp. 158, it was assumed that the stipulation was a condition precedent, and it was said:

"Upon the law, therefore, unless the evidence shows that this condition has been expressly or impliedly waived, it would bar the plaintiff's recovery."

Although the law does not favor forfeitures, it was said, in the case last cited:

"Forfeitures plainly incurred, and not waived, must be enforced by the courts."

And in that case it was further said:

"The facts relied upon in this case to show waiver are the receipt of the proofs of loss without objection, and retaining the same, and the entering into the agreement of arbitration before the time had expired within which the proofs of loss should have been furnished."

And it was further said in the course of the opinion:

"And, though the question has not been directly passed upon in this state, an argument in support of the proposition that the entering into an arbitration before notice or proofs of loss have been served is a waiver of notice of proofs of loss, notwithstanding a stipulation in such submission that it shall not operate as such waiver, is furnished by the case of Gale v. Insurance Co., 33 Mo. App. 664."

Upon the precise question involved in the case before us, we must regard what was said in the Rademacher Case as dictum, as there were other questions upon which the case was ultimately disposed of.

In Bishop v. Insurance Co., 130 N. Y. 489, 29 N. E. 844, a standard policy was under consideration, like the one presented in this case, and it was insisted, the defendant "not having waived in writing the performance of the stipulation that proofs of loss should be furnished in sixty days, that no recovery can be had on the policy." Follett, C. J., in dealing with that objection, said (page 496, 130 N. Y., and page 846, 29 N. E.):

"A party to a contract, containing a provision that it shall not be modified or changed except by a writing signed by him, may, by conduct, estop himself from enforcing the provision against a party who has acted in reliance upon the conduct; and so the acts of an agent, who possesses the power of the principal, or who has been held out by the principal to possess his power, in respect to the provision alleged to have been altered or changed, may also estop his principal,"—citing several cases.

In that case, 70 days after the fire, the parties entered into a contract in writing to submit the question of the amount of the loss to appraisement, and the opinion adds, "Which was a waiver of the provision in the policy that proofs of loss must be furnished within sixty days." The opinion continues, viz.:

"The evidence warrants the inference that this contract to submit the amount of loss to appraisers was continually in the hands of the defendant, from the date, October 21st, when first executed, until the time of the trial, and that the negotiations were not unknown to it. In addition, the plaintiff and his wife testified without objection that, when the general agent and appraiser of the defendant called to settle the loss and executed the appraisal agreement, he said that proofs of loss need not be furnished, as the damages would soon be appraised and settled."

And in that case it further appeared that there was testimony that the defendant's local agent who issued the policy told the plaintiff, "after the fire, that it would be unnecessary to furnish proofs of loss. * * * Under such circumstances, the question whether the defendant had waived the presentation of proofs of loss was properly submitted to the jury as a question of fact."

In Quinlan v. Insurance Co., 133 N. Y. 366, 31 N. E. 34, the language of a standard policy was under consideration, and Andrews, J., said:

"Now, as heretofore, it is competent for the parties to a contract of insurance, by agreement in writing or by parole, to modify the contract after the policy had been issued, or to waive conditions or forfeitures. * * * The principle that courts lean against forfeitures is unimpaired, and, in weighing evidence tending to show a waiver of conditions or forfeitures, the court may take into consideration the nature of the particular condition in question, whether a condition precedent to any liability, or one relating to the remedy merely, after a loss has been incurred."

In that case there was no evidence that the restricted powers of the agent had been enlarged or the restrictions waived.

In McNally v. Insurance Co., 137 N. Y. 396, 33 N. E. 477, the learned judge, in delivering the opinion, pointed out the distinction to be observed in giving constructions to conditions to be found in policies of insurance; and he indicates that the conditions which operate upon the parties prior to the loss "are matters of substance, upon which the liability of the insured depends"; and he then adds:

"These conditions, which relate to matters after the loss, have for their general object to define the mode in which an accrued loss is to be established, adjusted, and recovered after the reciprocal rights and liabilities have become fixed by the terms of the contract, and are to receive a more liberal construction in favor of the insured. In determining the liability of the defendant, it is entitled to the benefit of its contract, fairly construed, and can stand upon all of its stipulations. But when its liability has become fixed by the capital fact of a loss, within the range of the responsibility assumed in the contract, courts are reluctant to deprive the insured of the benefit of that liability by any narrow or technical construction of the conditions and stipulations which prescribe the formal requisites by means of which this accrued right is to be made available for his indemnification."

In the case in hand, the appraisal agreement is not produced or set out in exact language in the referee's report. However, the referee has found, as matter of fact, viz.:

"That an agreement in writing was then and there entered into between plaintiff and defendant, pursuant to the terms of said policy of insurance, by which the amount of loss was to be appraised by said adjuster for said company, and one B. F. Peck for plaintiff; and an award in writing, pursuant to said submission of appraisal, was thereupon duly made, by which the amount of said loss was duly fixed and agreed upon between said parties at the sum of four ·hundred and eighty dollars and thirty-four cents, w iich award was immediately thereafter delivered by said adjuster to said company."

Nor is that all that appears in the referee's report which tends to indicate that there was a waiver of the restrictive language in respect to the formal proofs of loss. The referee has found as a fact that the local agent, Jacoby, informed the plaintiff that the defendant had been notified, and also promised "that the check for the amount of appraisal would soon be sent on; and plaintiff relied upon said statements." There is the further fact found by the referee, to wit, that on the 9th day of December, 1892, after the adjustment under the agreement of the 10th of October, and after the adjustment as already. mentioned had taken place, and the adjuster had received the award of the parties chosen to estimate the loss, formal proofs were made by the plaintiff, "in writing, in due form, and properly verified, and mailed same to defendant company; and said proofs were received by it at its New York office on the 10th day of December, 1892, and have been ever since retained by said company, without objection." The plaintiff is entitled to avail himself of all the facts stated by the referee, and the legitimate inferences deducible therefrom upon the question of waiver of strict performance. The construction given as to the matter of fact by the referee is made apparent by his further finding of fact, to wit:

"That said defendant Milwaukee Mechanics' Insurance Company, by entering into said agreement of arbitration and appraisal before expiration of the time within which proofs of loss should have been furnished, and the retention of same without objection, has waived the earlier furnishing of same, as required by the terms of its said policy."

Appellant is not in a situation to review the findings of fact as being against evidence or unsupported by evidence. It can only review the conclusion of law pronounced upon the facts stated in the report of the referee, as we have already intimated.

In Lowry v. Insurance Co., 32 Hun, 329, the policy contained the usual clause requiring proofs of loss to be given and verified, and no proofs of loss were ever sworn to or rendered by the party insured; "but evidence was given tending to show that his failure to make and serve them was caused by the statement and acts of one McCurdy, an agent of the company, and that McCurdy had authority to waive the presentment of formal proofs of loss, and intended to waive them in this case." That case was affirmed by the court of appeals in April, 1885. See 105 N. Y. 646.

Appellant calls attention to Walker v. Insurance Co., 89 Hun, 334, 35 N. Y. Supp. 377, which involved several questions relating to the restrictive clause in an insurance policy, and in that case it was said: "It is clear that the policy never took effect." That case differs essentially from the one before us, and we think nothing is found in the opinion inconsistent with the views already expressed herein.

We think the conclusion of fact reached by the referee that the defendant had "waived the earlier furnishing of same, as required by the terms of its said policy," and the finding of fact that the amount of the policy became due before the commencement of this action, and remains wholly unpaid, warranted the conclusion of law that the appellant "is indebted to the plaintiff," as stated by the referee.

The foregoing views lead to the conclusion that the report of the referee should remain in force. Judgment affirmed, with costs. All concur.