being caught by a pulley wheel being improvised of rags?" The witness was an expert machinist, and acquainted with the practical operation of shafting and belting. The effect upon such a pulley of the rapid revolution of the shaft was, to a certain extent, not within the observation of those not experienced in such business. It was not objected to as not being a proper subject for opinion. The answer was: "I should think it would be more dangerous than a smooth pulley would be. It would be more apt to catch one; * * * would catch your clothes a good deal quicker than a smooth pulley." No reversible error is apparent. A witness for the plaintiff, after being examined and cross-examined in regard to pulleys of iron or wood suitable for use in a situation like the one in controversy, was, on redirect examination, asked the cost of such pulleys. This was objected to as immaterial, but admitted. He had previously stated, without objection, that: "You can get them any size. They are not very expensive." No appreciable error is apparent. It follows that the judgment should be affirmed.

Judgment and order affirmed, with costs. All concur.

---

(15 App. Div. 232.)

SMALDONE v. PRESIDENT, ETC., OF INSURANCE CO. OF NORTH AMERICA.

(Supreme Court, Appellate Division, Third Department. March 3, 1897.)

1. INSURANCE—AUTHORITY OF AGENT—ADMISSION.
    Authority of an insurance agent to waive proofs of loss is inferable from an admission that he was "special agent" of the company, and "had charge of" the agency by which the insurance was written, "and other agencies in northern New York."

2. SAME—PROOFS OF LOSS—ESTOPPEL OF INSURER.
    An insurance company is estopped to take advantage of a failure to give proofs of loss where such failure was induced by a parol waiver by an agent authorized to act for the company, though the policy provided that any waiver of its conditions must be in writing.

Appeal from trial term, Saratoga county.

Action by Amelia C. Smaldone against the president and directors of the Insurance Company of North America, of Philadelphia, to recover on a fire insurance policy in the "standard form" of the state of New York. From a judgment entered on a nonsuit directed at the close of plaintiff's evidence, plaintiff appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

T. F. Hamilton, for appellant.
Samuel S. Hatt, for respondent.

LANDON, J. The single question presented by this appeal is whether the plaintiff made a prima facie case of the waiver by the defendant of the proofs of loss required by the policy. The fire occurred at Saratoga Springs, March 8, 1896. Charles Hartwell was the defendant's local agent there, and, as such, had countersigned the policy. John H. Scotland was, as defendant admitted upon

the trial, "the special agent of the defendant, and had charge of this and other agencies in northern New York." Two days after the fire, Scotland went to Saratoga, and, after making an examination, he had the following conversation with Mr. Brusnihan, who was acting for the insured. Mr. Brusnihan asked him: "Do you want us to file any proofs of loss under the policy?" Scotland answered: "No; it is entirely unnecessary. We decline all liability for the loss." Brusnihan then asked: "You don't want appraisers appointed under the policy?" Scotland answered: "No; go ahead, and sue as quick as you wish to." The fair inference from defendant's admission was that Scotland's powers were specially complete and ample in respect to defendant's interests under the policy. His explicit verbal waiver of proofs of loss bound the defendant, unless, as the trial court held, the waiver, to be valid, must be in writing. The policy, in addition to requiring the insured to furnish the defendant, within 60 days after the fire, written proofs of loss, provides:

"No officer, agent, or other representative of this company shall have power to waive any provision or condition of this policy, except such as by the terms of this policy may be the subject of agreement indorsed hereon or added hereto; and, as to such provisions and conditions, no officer, agent, or representative shall have such power, or be deemed or held to have waived such provisions or conditions, unless such waiver, if any, shall be written upon or attached hereto; nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured, unless so written or attached."

This provision seems to embody the potentiality of successful fraud. It has received the criticism of a foreign jurisdiction. O'Neil v. Insurance Co., 166 Pa. St. 72, 30 Atl. 943. The defendant sends its agent, apparently clothed with full powers, to the scene of the fire, and he there tells the representative of the insured that it is entirely unnecessary to file proofs of loss under the policy. He was then and there, for that business, the defendant, ostensibly and actually. If he did not mean what he said, he meant to mislead the insured. If he did mean what he said, he should stand by it,—the defendant should stand by it. The defendant does not stand by it, but steals behind the quoted provision of the policy. What for? If to reap the advantage of its misleading declaration upon which the insured relied, then, upon familiar principles, it should be estopped from asserting this provision of the policy.

It is true that the waiver was not in writing, and therefore not that which the contract calls for; but the defendant, like every person competent to contract, is subject to the rules of estoppel, and it is not conceived that it can, by any antecedent contract, escape from them. Public policy forbids that it shall in advance make any contract exempting itself from the just responsibility of such of its subsequent acts as are injurious to others. We therefore hold that the defendant, by its declarations subsequent to the contract, and impossible for the contract to prevent, upon which the insured relied, is estopped from insisting that the waiver should be in writing, or, to put it in another form, from insisting upon a forfeiture by reason of a nonperformance which the company has induced. Kiernan

v. Insurance Co., 150 N. Y. 190, 44 N. E. 698; Bishop v. Insurance
Co., 130 N. Y. 488, 29 N. E. 844; Sharpe v. Insurance Co., 8 App. Div.
354, 40 N. Y. Supp. 817; Wood v. Insurance Co., 149 N. Y. 382, 44
N. E. 80; McGuire v. Insurance Co., 7 App. Div. 575, 40 N. Y. Supp.
300; Manchester v. Assurance Co., 151 N. Y. 88, 45 N. E. 381. Be-
sides, the furnishing of proofs of loss is part of the procedure to
which the insured resorts to collect what is due him upon his policy.
The courts are reluctant to assist the insurance companies in with-
holding the payment they have promised when the insured is misled
as to the practice by the acts or artifice of the agents of the companies.
McNally v. Insurance Co., 137 N. Y. 389, 33 N. E. 475; Paltrovitch
v. Insurance Co., 143 N. Y. 73, 37 N. E. 639.

Judgment reversed; new trial granted; costs to abide the event.
All concur.