(103 App. Div. 113.)

PERRY v. CALEDONIAN INS. CO.

(Supreme Court, Appellate Division, Third Department. March 8, 1905.)

1. INSURANCE—PROMISES OF AGENT—CONCLUSIVENESS ON INSURER.
   Where a standard fire insurance policy contains stipulations prohibiting additional insurance unless an express permit therefor be indorsed on the policy, and denying the power of the agent to waive any provision of the policy except such as might be added thereto in writing, and it is within the power of the insured to produce the policy for the indorsement of an additional insurance permit, and he fails to do so, an oral promise by the agent that he will attend to the matter is his individual promise, and does not bind the insurer.

2. SAME—PROOFS OF LOSS—WAIVER—STATEMENT OF AGENT.
   An agent who is not authorized to adjust losses cannot bind the insurer to a waiver of proofs of loss by an unauthorized statement that the policy was void, and that the insurer would not pay the same.

3. SAME.
   The furnishing of proofs of loss as required by the policy is, unless waived by the insurer, a condition precedent to a suit on the policy.

4. SAME—DELAY IN SERVICE—WAIVER.
   The retention by the insurer of proofs of loss furnished it after the time for furnishing the same has elapsed, and insured's rights have thus been lost, does not prejudice insured, and is not a waiver of the requirement of timely service of such proofs, and does not estop the insurer to assert the delay in their service as a cause of forfeiture.

Appeal from Trial Term, Rensselaer County.

Action by Thomas Perry against the Caledonian Insurance Company. From a judgment for plaintiff and from an order denying a new trial, defendant appeals. Reversed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Harmon & Mathewson, for appellant.

Lewis E. Griffith, for respondent.

HOUGHTON, J. On the 10th of January, 1900, the defendant issued a standard fire insurance policy to the plaintiff, insuring certain personal property against loss by fire. The policy contained no provision permitting other insurance, and provided that it should be void in case other insurance was obtained without an express permit indorsed thereon. On the 1st day of February following, the plaintiff obtained other insurance upon the property without obtaining such permission. On the 23d of April following the property was totally destroyed by fire, and on the 28th day of June— 65 days thereafter—the plaintiff served sworn proofs of loss upon the defendant. The policy contained a provision that in case of fire such proofs of loss should be furnished within 60 days, and upon failure no action on the policy should be maintainable for the recovery of any claim thereunder; and the further stipulation that no agent of the company should have power to waive any provision or condition of the policy except such as might be added thereto in writing. For safety the plaintiff had deposited his policy in the safe of a friend doing business in the vicinity of the office of the agent of the defendant, and he seeks to avoid the effect of the provision requiring written permission for additional insurance to be indorsed upon the policy, by proof that he notified the agent prior to his obtaining the second policy that he was about to obtain it, and that the agent assented thereto, and agreed to call at the place of deposit, and make the proper indorsement thereon. The trial court found that the failure of the agent so to do was, in effect, the failure of· the defendant company, and that it was estopped from claiming a forfeiture upon that ground. The failure to furnish proofs of loss within the 60 days provided by the policy is sought to be excused because the agent of defendant told the plaintiff that his policy was void and uncollectible because it did not contain the required indorsement. The trial court found that this statement was, in effect, a notice to plaintiff that proofs of loss need not be furnished. In both these propositions we think the learned trial court was in error. Under a standard policy of fire insurance containing express stipulations with respect to the authority of agents, it being within the power of the insured to produce the policy for written indorsement permitting additional insurance, and it not being produced, an oral promise by the agent that he will attend to it is his individual promise, and is not binding upon the company. Baumgartel v. The Providence-Washington Ins. Co., 136 N. Y. 547, 32 N. E. 990; Gray v. Germania Fire Ins. Co., 155 N. Y. 180, 49 N. E. 675; O'Brien v. Prescott Ins. Co., 134 N. Y. 28, 31 N. E. 265. The respondent insists that his proofs bring him within the principle of Manchester v.

Guardian Assurance Co., 151 N. Y. 88, 45 N. E. 381, 56 Am. St. Rep. 600. In that case the property had been conveyed, and it was desired that the insurance be transferred to the new owner. The policies were in the possession of a mortgagee, and not under the control of the insured. A promise of the agent to go and make the proper transfer was held binding, not only upon the ground that the insured could not produce the policies, but upon the ground also that there was a virtual contract to reinsure the grantee of the premises. The Baumgartel Case is referred to and approved, and held not to apply to the situation there involved. In the present case the policy was under the control of the insured. He could produce it for indorsement at any time, and we think he relied at his peril upon the promise of the agent to go to its place of deposit and make the proper indorsement. If the agent had done it, the company would have been bound. He having failed to do it, the company is not responsible for his failure nor estopped by his promise.

With respect to furnishing proofs of loss, the agent could not bind the company. He was not authorized to adjust the loss. To another—a Mr. Hibbs—was delegated that duty. If the adjuster had told the plaintiff that the policy was void, and that the company would not pay, this might well have led the plaintiff into not furnishing them. Such was held to be the effect in Smaldone v. Ins. Co. of North America, 15 App. Div. 232, 44 N. Y. Supp. 201, and Flaherty v. Continental Ins. Co., 20 App. Div. 275, 46 N. Y. Supp. 934. The sole finding is that this statement was made to the agent. It is sought to be given effect because the adjuster told the agent that the policy was void and the company would not pay. If the adjuster had directed the agent to communicate that fact to the plaintiff, it might have had the same effect as a statement by himself. But the adjuster testifies that he gave no such direction, and hence whatever may have been said was without his authority. Unless waived, the furnishing of proofs of loss as stipulated by the policy is a condition precedent to the maintenance of an action. Peabody v. Satterlee, 166 N. Y. 174, 59 N. E. 818, 52 L. R. A. 956; Quinlan v. Providence-Washington Ins. Co., 133 N. Y. 356, 31 N. E. 31, 28 Am. St. Rep. 645.

It is urged that the retention of the proofs of loss and failure to return them was a waiver of earlier service, and that the defendant is now estopped from claiming that they were not regularly served. We do not think this position is tenable. Silence operates as an assent and creates an estoppel only where it has the effect to mislead. More v. New York Bowery Fire Ins. Co., 130 N. Y. 537, 29 N. E. 757. The plaintiff was in no way misled by the retention of the proofs of loss. His rights were gone before he attempted to serve them. His position was made no different because the company ignored his statement, or failed to inform him that his proofs of loss were not properly furnished. In order that an insurer under a standard fire policy shall estop itself, some of the elements of an estoppel must exist. The insured must have been misled by some act of the insurer, or it must, after knowledge of breach, have done something which could only be done by virtue of the policy, or have

required something of the insured that he was bound to do only under a valid policy, or have exercised a right which it had only by virtue of such policy. Gibson Electric Co. v. Liverpool, L. & G. Ins. Co., 159 N. Y. 418, 54 N. E. 23.

From the record we see no escape from the conclusion that the plaintiff forfeited his rights under the policy by his failure to obtain the indorsement permitting additional insurance to be properly made, as well as by his failure to furnish his proofs of loss within the prescribed time. The evidence did not justify the finding of fact that a contract binding upon the company was made by the agent to make the proper indorsement upon the policy; and the other findings did not justify the conclusion of law that the defendant was estopped, and liable for the amount of the policy.

The judgment must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur; CHASE, J., in result.