Name and Style of TEPPER BROTHERS, Appellants.— Judgment and order
reversed on the ground that the damages are excesive, and new trial
granted, with costs to appellant to abide event unless the plaintiff stipulates
to reduce the recovery to $8,000, in which event the judgment is modified
and as so modified judgment and order unanimously affirmed, without costs.

THE UNION FORGING COMPANY, Respondent, v. SMITH MOTOR TRUCK
CORPORATION, Appellant.— Judgment and order unanimously affirmed,
with costs.

## FOURTH DEPARTMENT, JULY, 1918.

CLOVER CREST STOCK FARM, INC., Appellant, v. WYOMING VALLEY FIRE
INSURANCE COMPANY, Respondent, Impleaded, etc.— Judgment reversed
and new trial granted, with costs to appellant to abide event. Held, that
the agreement added to the policy upon the subject of other concurrent
insurance is susceptible of the construction that no limit was placed upon such
insurance and that the question whether or not such insurance was limited in
amount to $2,375 was for the jury. All concurred; Hubbs, J., not sitting.

EVA BELL HARKINS, as Administratrix, etc., Respondent, v. SIZER FORGE
COMPANY, Appellant.— Judgment and order reversed, with costs, and
complaint dismissed, with costs. Held, that the plaintiff failed to establish
actionable negligence. All concurred, except Kruse, P. J., who dissented
and voted for affirmance.

JOHN W. KINNEY, Appellant, v. THE NEW YORK CENTRAL AND HUDSON
RIVER RAILROAV COMPANY, Respondent.— Judgment and order reversed
and new trial granted, with costs to appellant to abide event. Held, that
the court erred in charging the jury that if Kinney was uncertain as to
whether Mullen's signal meant a stop signal or a come ahead signal, the
failure of Kinney to stop before passing the dwarf must be considered
contributory negligence which was the sole cause of the accident and which
bars a recovery. All concurred.

JEREMIAH O'CONNOR, as Administrator, etc., Plaintiff, v. THE NEW
YORK CENTRAL RAILROAD COMPANY, Defendant.— Plaintiff's exceptions
sustained, motion for new trial granted, with costs to plaintiff to abide
event. Held, that the court should have submitted to the jury the question
whether the conductor was negligent in directing the engineer to move
the standing train, without warning to plaintiff's intestate, while the
intestate was standing upon the line of the track for the purpose of giving
signals to Doody. All concurred.

CITY OF SYRACUSE, Respondent, v. CHARLES E. COONEY and Others,
Appellants.— Judgment affirmed, with costs. All concurred.

ANDREW JOHNSON, Appellant, v. THOMAS B. CRARY and Others, Respond-
ents.— Judgment reversed and new trial granted, with costs to appellant
to abide event. Held, that the lease expired twelve years from its date
and that the plaintiff was entitled to possession of the property at that
time. The question of accounting for the oil not having been passed upon,