Clover Crest Stock Farm, Inc., Plaintiff, *v.* The Farmers Reliance Mutual Fire Insurance Company, Defendant.

(Supreme Court, Steuben Trial Term, July, 1918.)

Insurance (fire) — provisions of policies of — when rule of co-operative mutual insurance company limiting insurance does not apply — waiver.

A written permit given after the issuance of a policy "to secure other insurance," prepared by the secretary of an insurance company, who had notice at the time of other insurance

on the property, includes insurance theretofore as well as thereafter obtained.

The rule of a co-operative mutual insurance company limiting the insurance on buildings to an amount not exceeding two-thirds of the cash value thereof does not apply to insurance of other companies.

The employment of mechanics for more than fifteen days under a standard policy is waived where notice was given to the secretary of the company of such employment and thereafter, and before the loss, the company levied asessments which were paid.

The right to *pro rate* insurance under a standard policy must be pleaded but, where the loss exceeds the total insurance, the provision is not applicable.

MOTION for new trial on the minutes.

Thomas F. Rogers (Murlin F. Smallwood, of counsel), for motion.

James O. Sebring (Nye & Nye, of counsel), opposed.

RODENBECK, J.   The defendant is a co-operative mutual benefit fire insurance company operating in the counties of Chemung, Schuyler and Yates. The plaintiff was one of its members and among other property it insured a dwelling, tobacco shed and products. A fire occurred and the property was destroyed. This action was brought to recover on the policy. The case was tried and a verdict rendered for the plaintiff. The defendant urged various defenses upon the trial and renews them on this motion for a new trial.

The defense of other insurance without consent is not available to the defendant. Its secretary had notice that the plaintiff intended to place other insurance on the property and thereafter he gave a written permit " to secure other insurance." The permit, having been prepared by the company, should be con-

16

strued to include insurance theretofore as well as thereafter obtained.   Elliott Ins. § 204.

The rule of the company prohibiting insurance in excess of two-thirds of the cash value of the buildings applies only to insurance written by the company. This is made plain by another rule which provides that risks on buildings shall not exceed two-thirds of the cash value at the time of entering them.   In order to take advantage of this rule the company must act on it before a loss occurs.   The permit for other insurance waived the breach under this rule, if there was a breach.

The defense of the employment of mechanics for more than fifteen days is not open to the defendant. Its secretary knew of the remodeling of the tobacco shed and this knowledge is imputable to the company. With this knowledge assessments were levied.   The answer alleges that the plaintiff refused to be examined after the loss.   These acts of the company constitute a waiver by the company of any forfeiture under this clause.

The subject of prorating was not put in issue and was not urged upon the trial and is therefore not available.   It is not a practical question because the loss exceeds the total insurance.   *Ogden* v. *East River Ins. Co.,* 50 N. Y. 388.

An insurance policy is no more inflexible than any other contract and is to be construed to ascertain the intention of the parties.   In this respect it does not differ from other contracts.   *Allen* v. *German American Ins. Co.,* 123 N. Y. 6.   A violation having occurred the company or a duly authorized agent may waive a forfeiture when with full knowledge of the facts either of them requires the assured by virtue of the contract to do something or incur some expense or trouble inconsistent with the claim that the con-

tract is invalid. *Trippe* v. *Provident Fund Society,* 140 N. Y. 23, 28, and cases cited; 19 Cyc. 819.

The jury had the right to draw the inference from the failure of the defendant to call its secretary and introduce other evidence that it could not disprove knowledge on its part of the alleged forfeitures (*Kirkpatrick* v. *Allemania Fire Ins. Co.,* 102 App. Div. 327, 329), and this inference together with the admission of counsel on the trial that all assessments had been paid to the time of the fire justified the jury in concluding that the alleged forfeitures had been waived. *Hastings* v. *Brooklyn L. Ins. Co.,* 138 N. Y. 473. If the evidence of the levying of the assessment after proof of loss, which was erroneously excluded, had been admitted, the claim of waiver would have been impregnably fortified. Motion denied, with ten dollars costs of motion.

Motion denied.