CITY OF SYRACUSE, Appellant, *v.* FLORENCE WRIGHT COOK and Others, Respondents, Impleaded with FLORA B. SMITH, as General Guardian of FLORA BERNICE SMITH, and FREDERICK AURACHER, Defendants.

Fourth Department, May 7, 1919.

**Real property — action to compel removal of building alleged to enroach upon city street — evidence — highways — abandonment.**

In an action by a city to compel the removal of a building alleged to encroach upon a city street, evidence examined, and *held*, to establish that the bounds of the street never included the premises in question and that, therefore, the complaint was properly dismissed upon the merits.

The public is not required to use or work the entire width of a street to prevent an abandonment. Even if the street is wholly obstructed, the right of the public may still exist if the fee is retained by the State, since the provisions of the Highway Law declaring a highway abandoned if unworked and unused for a period of six years is a limitation on the life of an unused easement.

APPEAL by the plaintiff, City of Syracuse, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Onondaga on the 16th day of October, 1918, dismissing the complaint on the merits upon the decision of the court after a trial at the Onondaga Special Term.

*Stewart F. Hancock, Corporation Counsel [Frank Hopkins, special counsel], for the appellant.*

*Daniel A. Pierce* for the respondent Florence Wright Cook.

*Charles C. Cook,* respondent in person.

*William A. Mac Kenzie,* for the respondent Lewis P. Smith, as guardian ad litem of Flora Bernice Smith.

KRUSE, P. J.:

The plaintiff city claims that the building of the defendant Florence Wright Cook encroaches upon South Salina street, and the action is brought to remove the same. Said defendant contends that the building is not within the street limits and the trial court has so found and dismissed the complaint.

The plaintiff appeals. The premises of the defendant Florence Wright Cook are located in the northeast corner of the block bounded on the north by Onondaga street and on the east by Salina street. The controversy is over a strip of land twenty-nine feet wide along the east bounds of said defendant's lot, and the question is whether it is within the bounds of the street.

A suit like this was brought by the city against Charles E. Cooney and others, whose premises are located in the southeast corner of the block, who likewise made claim to a similar strip of land along the west bounds of the street. The city was successful in that suit in establishing the bounds of the street so as to include the strip in controversy there. The judgment in that case was affirmed here at the July, 1918, term. (*City of Syracuse* v. *Cooney,* 185 App. Div. 903.) But, as will presently be seen, the two cases are not alike in their facts.

In 1807, the State, by letters patent, granted to Abraham Walton 250 acres of land known as the "Walton Tract." In 1823 what remained unsold of that tract was conveyed to certain persons known as the Syracuse Company, and in the same year the State, by letters patent, granted to the Syracuse Company certain other lands adjoining the Walton Tract, described in letters patent according to a map made by John Randel. According to that map and connecting evidence, Salina street does not touch the land in question, but is some

distance east therefrom. After the Syracuse Company acquired this tract it was subdivided into blocks and lots. Various maps were made from time to time showing the location of Salina street. According to these maps the location of Salina street was changed so as to touch the lands in question. Upon the Syracuse Company's maps made before 1840 the street appears to be seventy feet wide; upon the maps made later it is shown to be ninety-nine feet wide.

When the Syracuse Company parted with the title to the Cooney lands the street had been mapped ninety-nine feet wide, but that is not so as to the said defendant's title. The defendant's title comes through the Larned title. The Syracuse Company parted with the title to the Larned lands when the street was mapped but seventy feet wide which did not include the twenty-nine feet, and the learned trial judge finds upon sufficient evidence that the street adjoining the Larned premises was never opened so as to include the twenty-nine feet in question. While the Syracuse Company may have dedicated the additional twenty-nine feet for street purposes, it could not affect the title to the Larned premises previously conveyed. This strip extending along the bounds of Salina street was early the subject of controversy, but it was well understood that the situation as regards the Larned premises differed from the premises farther south. This is indicated upon the maps made by the city engineer and other proceedings by officials of the city. The jog in the street is shown by two maps, one of which was filed as early as 1858 and the other in 1869 in the office of the department of the city having to do with this street.

It is undoubtedly true, as contended by the learned counsel for the appellant, that the public is not required to use or work the entire width of the street to prevent an abandonment; and even if the street is wholly obstructed, the right of the public may still exist if the fee is retained by the State, since the provisions of the Highway Law (Consol. Laws, chap. 25 [Laws of 1909, chap. 30], § 234, as amd. by Laws of 1915, chap. 322) declaring a highway abandoned if unworked and unused for a period of six years is a limitation on the life of an unused easement. (*New York Central & H. R. R. R. Co.* v. *City of Buffalo,* 200 N. Y. 113; *Barnes* v. *Midland R. R. Ter-*

*minal Co.*, 218 id. 91.)    But if the original location of the street did not include the twenty-nine-foot strip, it would not become a part of the street unless the owner saw fit to make a dedication thereof, or the right was acquired in some other way.

I shall not attempt to collate the various circumstances which are claimed by the parties to support their respective claims.    Much documentary evidence, such as maps, conveyances and other documents, are contained in the record. We have carefully examined them all and considered the claims of the respective parties.    We think the evidence supports the findings that the bounds of the highway now known as Salina street never included the premises in question.

The judgment should, therefore, be affirmed, with costs.

All concurred.

Judgment affirmed, with costs.