THE CLOVER CREST STOCK FARM, INC., Plaintiff, *v.* THE
   WYOMING VALLEY FIRE INSURANCE COMPANY and
   WATKINS STATE BANK, Defendants.   Action No. 1.

THE CLOVER CREST STOCK FARM, INC., Plaintiff, *v.*
   CHEMICAL FIRE INSURANCE COMPANY and WATKINS
   STATE BANK, Defendants.   Action No. 2.

THE CLOVER CREST STOCK FARM, INC., Plaintiff, *v.*
   OTSEGO MUTUAL FIRE INSURANCE COMPANY and WAT-
   KINS STATE BANK, Defendants.   Action No. 3.

(Supreme Court, Steuben Trial Term, August, 1919.)

Insurance (fire) — action to recover upon policies of — plead-
     ing — trial — evidence — concurrent   insurance — waiver —
     estoppel.                  .

     In three separate actions to recover upon policies of fire
   insurance permitting concurrent insurance, the answer of the
   several defendant companies, after certain formal admissions
   and denials, pleaded forfeiture of the policies in suit because
   of unauthorized concurrent insurance and the employment of
   mechanics in altering or repairing the insured building for
   more than fifteen days without the consent of the defendants.
   No motion to require a reply to such defenses was made and
   the sufficiency of the complaint was raised for the first time
   upon defendant's brief months after the trial.   *Held,* that the,
   specific defenses were not conditions precedent necessary to
   be alleged in the complaint but simply new matter constituting
   a defense and might be met upon the pleadings as they are.
     An objection to certain testimony received, as " not within
   the pleadings," mingled with others, did not serve fairly to
   call the attention of either the counsel or court to the objection
   of the insufficiency of the complaint; had it been precisely
   stated on the trial or presented on motion for a non-suit or
   by a motion to dismiss the complaint at the close of the case, the
   court's power to amend could have been appealed to or in some
   other manner plaintiff's interest could have been protected,

but as at this time, in order to meet the objection, the trial would need to be reopened, the objection will be overruled as coming too late.

Upon review of the case, certain testimony as to conversations between plaintiff's manager and the insurance agent of defendants, prior to and leading to the issuance of the policies, received in one of the actions against the defendant held competent in each case, and a ruling excluding like testimony in the other actions reversed and the evidence received against all the defendants with an exception to each and the record amended accordingly.·

The knowledge of defendants' agent of other insurance on the building in force at the time the policies in suit were issued, whether he communicated it to them or not or even misinformed them as to it, was the knowledge of the defendant companies; they are bound thereby and are presumed to have issued the policies in controversy with that knowledge in mind and as valid subsisting obligations additional to those outstanding to plaintiff issued by another insurance company.

Each of the policies, all of which were issued through the same agent as part of a single transaction, provided that it should be void if the insured then had or should thereafter procure any other insurance whether valid or not on property covered in whole or in part by the policy. *Held,* that a rider attached to and forming a part of each policy waiving in whole or in part said provision must be deemed to authorize unlimited concurrent insurance and that the policy in the first action had not been forfeited by the later contracts of insurance.

Where the later policies, though valid in their inception, were subject to the condition that no concurrent insurance should be placed except as expressly permitted, a condition defendants' agent could not waive, the obtaining of other insurance exceeding the restricted permit in violation of the terms of the policies worked their forfeiture and no recovery could be had thereon unless the insurer had by some act waived the forfeiture or estopped itself from asserting it to its advantage.

The fact that defendants' agent was told by plaintiff in the negotiation for the insurance that it intended to take out further insurance and was instructed to write all policies so that other concurrent insurance would be permitted did not constitute a waiver nor estop defendants from insisting upon the enforcement of the policies according to their terms.

Each of the policies in the second and third actions provided that the insurer should not be held to have "waived any condition of this policy or any forfeiture thereof by any requirement, act or proceeding on its part relating to the appraisal or to any examination herein provided for." *Held*, that neither by the examination of plaintiff's president nor by retention of the proofs of loss prepared and served by plaintiff of its own volition were the defendants estopped from claiming the benefit of the forfeiture, as the plaintiff's rights were gone before the proofs of loss had been served.

Where each of the policies in suit provided that it should be void "if mechanics be employed in building, altering or repairing within the described premises for more than fifteen days at one time," and it appears that in addition to some repairs to the insured buildings an entirely new and separate structure, not forbidden by the policies, was erected and only by inference could it be determined that work upon the insured buildings proceeded for more than fifteen days at any one time, the proof was insufficient to show that said condition of the policy had been violated.

Judgment directed for plaintiff in the first action and for the defendants in each of the other actions.

ACTIONS upon policies of fire insurance.

James O. Sebring, for plaintiffs.

M. S. Smallwood and T. F. Rogers, for defendants, insurance companies.

B. W. Nye, for Watkins State Bank.

SAWYER, J.   These actions were by stipulation tried together before the court without a jury.

The complaints are substantially the same and allege generally the issuance of policies of fire insurance, fulfillment of their conditions by plaintiff, loss of the property by fire, filing and retention of proofs of loss, other concurrent insurance with permission

of the insurers and lien in favor of the defendant Watkins State Bank, as mortgagee, upon the insurance money due.

The defendant, Watkins State Bank, appeared in the action but did not answer.

The answers of the several insurance companies after certain formal admissions and denials set up forfeiture of the policies involved by unauthorized concurrent insurance, and by the employment of mechanics in the altering or repairing of the insured buildings for more than fifteen days at one time, without consent therefor by defendants.

Other matters are also set up by way of defense, but being practically abandoned upon the trial need not be referred to. Plaintiff's allegations of fulfillment are put in issue by their formal denial, and in addition the specific defenses mentioned constitute new matter pleaded in avoidance of the debt otherwise existing. No motion to require a reply thereto has been made, and the question of faulty pleading by plaintiff was raised for the first time upon defendant's brief filed many months after the trial.

The fact that certain testimony was objected to as " not within the pleadings " is not overlooked but such objection mingled with others did not serve fairly to call the attention of either counsel or court to the objection now interposed. Had it then been precisely stated, or presented upon the motion for nonsuit or that to dismiss made at the close of the proofs, the court's power to amend could have been appealed to by plaintiff, or in some other manner its interests protected, whereas at this time the entire trial would need to be reopened in order to meet the objection if well founded.

In my opinion, however, the defenses relied upon were not conditions precedent; they are simply new

matter constituting a defense and need not have been alleged by plaintiff and may be met by it upon the pleadings as they are. *Fischer* v. *Metropolitan Life Ins. Co.*, 37 App. Div. 575; affd., 167 N. Y. 178; *Rau* v. *Westchester Fire Ins. Co.*, 50 App. Div. 428; *McClelland* v. *Mutual Life Ins. Co.*, 217 N. Y. 336; *Goldberg* v. *Great Eastern Casualty Co.*, 169 N. Y. Supp. 113.

Certain testimony as to conversations between plaintiff's manager and the insurance agent, Mr. Patterson, prior to and leading to the issuance of the policies was received upon the trial against the defendant in action No. 1, and excluded, upon objection, as against defendants in actions 2 and 3. Review of the case leads me to believe the latter ruling was erroneous and that the testimony was competent in each case; the ruling is therefore reversed and the evidence received against all the defendants with exception to each. The record may be amended accordingly.

That the policies involved were issued to plaintiff as valid and enforcible fire protection, and that the loss, to protect against which they were issued, partly occurred, is conceded. It should also be said that nothing brought to the attention of the court appears to warrant defendants' intimation, repeated with emphasis in their brief, that the fire was caused by plaintiff or some one at its instigation.

The insurance involved was negotiated between the manager of plaintiff and an agent of defendants. No written application therefor was made by plaintiff, but following the negotiations Mr. Patterson, the agent, filled out formal application blanks, appended his signature " as agent " thereto and forwarded one to each of the defendants in actions 1 and 3.

The total insurance by defendants was $4,750, and in each such application Mr. Patterson applied for $2,375 of insurance, and stated that a like amount of

other concurrent insurance was permitted. The policies were issued thereupon directly from the home offices of the defendants, that of each the Otsego Mutual Fire Insurance Company and the Chemical Fire Insurance Company being for one-half the amount asked for in the agent's application to the Otsego Mutual. The entire matter of proposed amount on each building, what companies the risk should be carried by, and the sum placed with each was left to the judgment of Mr. Patterson, in whom plaintiff's representative appears to have had every confidence.

Plaintiff nor any one in its behalf had any knowledge of these applications, and it is difficult to reconcile the statements therein of the amount of concurrent insurance with the fact that Mr. Patterson at the time of the negotiations was informed and well knew that some of the buildings were already insured for a small amount in the Farmers Reliance Mutual Fire Insurance Company which that to be placed by him was intended to supplement. Mr. Patterson denies having received this information and his denial is to some extent corroborated by evidence of admission made by plaintiff's manager; the circumstances surrounding the making of these alleged admissions give this testimony, however, little probative value as against the positive statement of another witness, apparently trustworthy and entirely disinterested, who was present during a part of the negotiations and testifies positively that Mr. Patterson was told the facts as they existed.

That Mr. Patterson was the agent of defendants for the purpose of obtaining this insurance is admitted, and his knowledge of other insurance in force at the time was, whether he communicated it to them or not, or even misinformed them as to it, the knowledge of defendants. They are bound by it and are presumed

to have issued the policies in controversy with that knowledge in mind, and as valid subsisting obligations additional to those outstanding to plaintiff by the Farmers Reliance Company. *Gray* v. *Germania Fire Ins. Co.*, 155 N. Y. 184; *Lewis* v. *Guardian Fire & L. Assur. Co.*, 181 id. 392.

On October 19, 1915, and again on March 7, 1916, plaintiff procured other and further insurance in the Fidelity Co-operative Fire Insurance Company and in the Pacific Fire Insurance Company respectively, and upon the buildings covered by the policies of defendants. Each of defendant's policies contained the standard provision that same should be " void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy;" and attached to and forming a part of each policy was an endorsement or rider waiving in whole or in part the prohibition of such provision.

These later procured policies present a different situation from those of the Farmers Reliance Mutual Fire Insurance Company, and their effect upon the policies at bar must depend upon whether they fall within the permission of such waiving endorsements. That attached to the policy in action number one is beyond question ambiguous. *Clover Crest Stock Farm, Inc.* v. *Wyoming Valley F. I. Co.*, 185 App. Div. 903.

Both it and the policy to which it is attached were prepared by defendant and delivered to plaintiff, by its agent, with full knowledge that plaintiff was seeking complete protection and demanding policies which should permit not only that then existing but still other concurrent insurance without limitation; it now seeks to establish from this ambiguous rider that it did not intend to give plaintiff what it was demanding

and paying for. The rule that in case of doubt a writing is to be construed against him by whom it was made is to be supplemented by that, that an insurance company will not be allowed any benefit from the doubtful construction of the terms of its policy. *Lamb v. Prudential Ins. Co.,* 22 App. Div. 552–554.

The sentence "Other concurrent insurance permitted," is complete in and of itself, and the unrelated figures preceding cannot be attached thereto without assuming entire ignorance of the rules and meaning of punctuation and capitalization on the part of defendant Wyoming Valley Fire Insurance Company. Either the figures or the punctuation and capitalization must be disregarded, for no evidence of error or inadvertence is offered. Applying the rules cited, and the circumstances present more than ordinary equitable reasons for their application, the policy with its rider must be deemed to authorize unlimited concurrent insurance, and not to have been forfeited by the later contracts mentioned.

That all three policies were issued through the same agent as part of one transaction must be admitted, but they were nevertheless separate and distinct contracts and that there was any relation between defendant in action number one and those in numbers two and three, is not shown.

The endorsements, permitting concurrent insurance, upon the policies of the two latter companies are exactly alike and both seemingly free from ambiguity. Each of them permits "$3,562.50 other concurrent insurance upon the same premises." That is, each of those policies limits plaintiff's insurance to its own obligation plus the amount of that of the other two defendants. The words and figures used are together one complete sentence, without break in punctuation, capitalization or sequence. Certain marks following

the figures on each of these two policies have been, by counsel, thought to be periods and intended for a separation of the figures from the words following, but a more careful examination shows them to be check marks made with lead pencil. They form no part of the sentence and appear to be only an inadvertent result of a comparison of figures.

I see no opportunity for a construction of these two policies apart from their intent thus plainly and unmistakably expressed, and it follows that the insurance later obtained exceeding, as it does, the restricted permit was in violation of their terms and worked their forfeiture.

No recovery can, of course, be had upon policies forfeited in accordance with their terms, unless the insurer has by some act waived same or estopped himself from asserting it for his advantage. Plaintiff appeals to that principle of waiver and estoppel for relief from the hardship worked by such forfeiture of its policies.

Defendants' agent was told by plaintiff in the negotiations for this insurance that it intended to take out further insurance and was instructed to write all policies so that other concurrent insurance would be permitted; this, however, does not constitute a waiver, nor estop defendants from insisting upon the enforcement of their demands according to the terms thereof.

The distinction between the agent's knowledge of insurance already outstanding and that of his customer's intention to add still further to his line is clear and well recognized. In the one case his policies are read in connection with his information, while in the other it serves nothing towards relaxing the strict terms of the contract. *Gray* v. *Germania Fire Ins. Co., supra; Frankfurter* v. *Home Ins. Co.,* 6 Misc. Rep. 49.

Though valid in their inception these two policies were taken subject to the condition that no concurrent insurance should be placed except as expressly permitted; the agent could not waive that condition except in writing, and the court cannot relieve plaintiff from such voluntary contract even though same is more favorable to the insurer than to it. *Guntrum* v. *Prudential Ins. Co.*, 173 App. Div. 513; *Liston* v. *New York Casualty Co.*, 28 Misc. Rep. 240.

Did defendants by retention of the proofs of loss and subsequent examination of the plaintiff's president so recognize the validity of the policies that they are thereby estopped from claiming benefit of the forfeitures? This claim is made on the authority of *Titus* v. *Glens Falls Ins. Co.*, 81 N. Y. 410–418; *Trippe* v. *Provident Fund Soc.*, 140 id. 23; *Glazer* v. *Home Ins. Co.*, 190 id. 6; and other similar cases.

These decisions seem to involve a different principle from that here applicable.

In *Titus* v. *Glens Falls Ins. Co.*, the policy antedated the laws requiring standard forms and did not contain a clause to the effect that examination of the assured should not operate in his favor to waive forfeiture.

*Trippe* v. *Provident Fund Society* goes no further than to hold that retention of proofs of loss serves to waive defect in time of service, while *Glazer* v. *Home Ins. Co.* applies the same rule to proofs of loss defective in form.

Here the policies contain a clause, inserted pursuant to the provisions of chapter 488, Laws of 1886, that the " company shall not be held to have waived any condition of this policy or any forfeiture thereof by any requirement, act or proceeding on its part relating to the appraisal or to any examination herein provided for."

The provision is authorized by law, is plain in intent, and disposes of the matter so far as examination of plaintiff's president is concerned. As to the proofs of loss, they were prepared and served by plaintiff of its own volition. It is not claimed they were late in time or insufficient in form. By their retention plaintiff has been in no way misled. Its rights under the policies in actions 2 and 3 were gone before the proofs were served, and its position was made no different because defendants ignored them and failed to inform it of what it already knew, or should have known, that two policies were void. *Kiernan* v. *Dutchess Co. Mut. Ins. Co.*, 150 N. Y. 190; *Gibson Elec. Co.* v. *Liverpool & L. & G. Ins. Co.*, 10 App. Div. 225; *Perry* v. *Caledonia Ins. Co.*, 103 App. Div. 113.

Likewise the waiver relied upon here differs in principle from that discussed by Mr. Justice Rodenbeck in *Clover Crest Stock Farm, Inc.,* v. *Farmers Reliance M. F. Ins. Co.*, 104 Misc. Rep. 240.

In that case the duly authorized agent of the defendant was shown to have accepted from the insured premium assessments upon the policy he at the time having full knowledge of the facts, after the fire, advanced to establish forfeiture. In reiteration the policies in actions 2 and 3 having been rendered void according to their terms, and their forfeiture not having been waived, plaintiff must lose their benefit.

Other policies still later obtained by plaintiff have not been discussed for the reason that same were not pleaded and, in any event, were not intended as concurrent insurance but only to be held in substitution for those here involved.

Each of defendants' policies were by its terms to become void " if mechanics be employed in building,

altering or repairing the within described premises for more than fifteen days at any one time." It is conceded that mechanics were employed about the premises from March, 1915, until September the same year, during which time they reshingled the dwelling, altered the tobacco barn into a very comfortable and capacious horse and hay barn, and in addition built an entirely new and separate structure called a tool shed. This new building was not forbidden by the policies, and only by inference can it be determined that work upon the insured buildings proceeded for more than fifteen days at any one time. The shingling of the house took four or five days and was continuous. The work upon the other buildings new and old was intermittent, according to convenience, part of the time on one and part of the time on another. No discussion is needed of the question that a highly penal clause such as this cannot be enforced upon mere inference, but demands proof of its violation to render it operative.

The burden is always upon the insurer to establish breach of the conditions (*O'Farrell* v. *Metropolitan Life Ins. Co.,* 22 App. Div. 495), and the allegation that this clause was violated stands not proven.

The interest of defendant Watkins State Bank is created by riders attached to the several policies under date of June 23, 1915, some months prior to the insurance obtained from the Fidelity Co-operative Fire Insurance Company and the Pacific Fire Insurance Company.

These riders are not in form the standard mortgage clause, but consist only of a recital that a former mortgage had been paid, and that " the loss, if any, on the buildings insured under this policy shall be first payable to the Watkins State Bank, Watkins, N. Y., as their mortgage interest shall appear." Lines 57

to 59 inclusive of the policies sued upon point out the contract with the mortgagee, and in substance provide that except as varied by written endorsement, or rider attached to the policies, the forfeiture clauses we have been examining apply alike to the insured and the mortgagee.

No such exception to the conditions thereinbefore imposed upon the owner having been made in favor of this mortgagee, the latter's rights are no greater than are those of the former.

That the contract with the mortgagee is separate and independent from that with the owner is undoubted (*Heilbrunn* v. *German A. Ins. Co.*, 140 App. Div. 557; affd., 202 N. Y. 610; *Hastings* v. *Westchester Fire Ins. Co.*, 73 id. 141–147), but both contracts are open to the defense of forfeiture, although the mortgagee is not bound by the assured's failure to file proofs of loss. *McDowell* v. *St. Paul F. & M. Ins. Co.*, 207 N. Y. 482–484.

Another thing to which, in this connection, attention should be called is, that the actions are based entirely on the assured's contracts and judgment is demanded for him alone. How actions in which such plaintiff cannot succeed can be retained and disposed of upon a nonpleaded contract, in favor of a defendant who has defaulted in asserting his separate and distinct right, has not been explained to the court's satisfaction.

In accordance with the foregoing, judgment is directed for plaintiff with costs in action No. 1, and for the defendants with costs in each of the actions 2 and 3.

Judgment accordingly.