Michael Catalano, J.
Plaintiff seeks judgment pursuant to CPLR 3211, dismissing defenses in the answer First through *806 Sixth as insufficient; Third has no merit; Fourth, Fifth and Sixth do not allege details according to CPLR 3016 (subd. [b]).
"A party may move for judgment dismissing one or more defenses, on the ground that a defense is not stated or has no merit.” (CPLR 3211, subd. [b].) No mention is made that upon such motion the court may dismiss the complaint without a cross motion therefor as was found in old Civil Practice Rule 109 (subd. 6); (see New York Plumbers Specialties Co. v. Columbia Cas. Co., 13 A D 2d 449). This omission has been called ‘ probably an oversight ” (4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3211.48). Nonetheless, the comm on -law rule obtains that a bad answer is good enough for a bad complaint, and that plaintiffs’ attack upon the answer permits scrutiny of the complaint and if such pleading is defective plaintiffs’ motion addressed to the answer must be denied.” (New Amsterdam Cas. Co. v. National Union Fire Ins. Co., 236 App. Div. 494, 495; People ex rel. Gillett v. De Lamater, 247 App. Div. 246, 250-251.) If the complaint be found insufficient, the court is not required to pass upon the defenses. (Kronman v. Kronman, 247 App. Div. 186, 188.)
The court is reluctant to treat this motion as one for summary judgment because the only affidavits served were those of attorneys, not parties or witnesses; immediate trial of the issues raised on the motion is not necessary. (CPLR 3211, subd. [c].)
This motion searches the record, so the complaint will be considered first. It alleges that on December 11, 1964 defendant, Kompinski, delivered his bond and mortgage on his real property in the Village of Medina, Orleans County, New York, in the amounts of $35,000 each, to plaintiff, which mortgage covenanted that the owner would insure the same against fire loss for plaintiff’s benefit; on said date, defendant companies issued through their agent, Paul A. Garrick, to Kompinski their binders of insurance containing an indorsement or rider in the form of the New York standard mortgagee clause providing for payment to paintiff as mortgagee as his interest might appear; on February 19, 1965 the mortgaged property was partially destroyed by fire to the extent of $35,000; within 60 days thereafter, Kompinski gave notice and proof of loss to defendant companies; Kompinski and plaintiff duly performed all the conditions of the binders of insurance on each of their parts to be performed; after 60 days and before 12 months expired this action was commenced ; defendant companies have failed to pay plaintiff after due demand, wherefore, plaintiff demands judgment for $35,000 against defendant companies.
*807 Plaintiff contends that a mortgagee is not an insured within the meaning of section 168 of the Insurance Law; by letter dated February 23, 1965, agent Garrick notified plaintiff that the fire insurance would be cancelled March 5, 1965, which was after the date of the fire.
Defendant companies insisted that plaintiff is bound by alleged oral binders of fire insurance, which, if valid, contain by incorporation all the terms of said section 168.
Although plaintiff has the burden of proving his cause of action, he failed to produce a copy or the substance of the alleged binder of insurance setting forth the terms of any contract between him and defendant companies. No policy of insurance was issued by any of defendant companies, so no New York standard mortgagee clause was or could be attached thereto.
Subdivision 3 of section 168 of the Insurance Law provides in part: ‘1 Binders or other contracts for temporary insurance may be made, orally or in writing, for a period which shall not exceed sixty days, and shall be deemed to include all the terms of such standard fire insurance policy and all such applicable endorsements ”.
Here, the binders were issued on December 11, 1964, the fire occurred February 19, 1966 or 8 days more than the 60-day period, thus, the binders expired automatically before the fire. An agent’s notice of expiration at a later date could not revive or extend the expired binders. Therefore, the complaint is bad.
No set form of words is necessary to prove a binder, provided the words clearly express an intention to make a contract; it is customary to issue binders without a payment of a premium in advance of coverage. (Cees Rest. v. Lobdell, 15 N Y 2d 275, 280, 281.)
Here, plaintiff’s complaint rests on mere binders, as such. Thus, they expired by law after 60 days, that is, before the fire.
The standard fire policy provides that: ‘ ‘ This policy may be cancelled at any time by this Company by giving to the insured a five days ’ written notice of cancellation with or without tender of the excess of paid premium above the pro rata premium for the expired time, which excess, if not tendered, shall be refunded on demand.” (Insurance Law, § 168, subd. 6, lines 60 to 65.)
Here, no cancellation was necessary because the binders had expired without any prior cancellation; the attempted cancellation after the expiration thereof was a nullity or surplusage.
A mortgagee clause in a standard form policy creates an independent insurance of the mortgagee’s interest like a separate policy, without inconsistent or repugnant conditions imposed *808 upon the owner and free from invalidation by the owner’s act or neglect. (Syracuse Sav. Bank v. Yorkshire Ins. Co., 301 N. Y. 403, 407; Hessian Hills Country Club v. Home Ins. Co., 262 N. Y. 189, 196; Savarese v. Ohio Farmers Ins. Co., 260 N. Y. 45, 51; Greenwich Bank v. Hartford Fire Ins. Co., 222 App. Div. 219, 223, affd. 250 N. Y. 116.) A standard policy of fire insurance may be void as to the owner because of his breach, yet, under the standard mortgagee clause be valid as to the mortgagee. (Goldstein v. National Liberty Ins. Co., 256 N. Y. 26, 32. See, also, Whiting v. Lane, 193 App. Div. 964.)
The New York standard mortgagee clause provides, in part:
“ Loss, if any, under this policy, shall be payable to the aforesaid as mortgagee (or trustee) as interest may appear * * * and this insurance, as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property ’ ’.
“ This Company reserves the right to cancel this policy at any time as provided by its terms, but in such case this policy shall continue in force for the benefit only of the mortgagee (or trustee) for ten days after notice to the mortgagee (or trustee) of such cancellation and shall then cease, and this Company shall have the right, on like notice, to cancel this agreement.”
Here, although the attempted cancellation referred to ‘ ‘ the fire insurance binders,” nothing was mentioned of the “ policy ” or “ mortgagee clause ” or mortgagee “ agreement.”
The burden of proving breach of a condition in the policy is upon the insurer. (Fiorillo v. Central Ins. Co., 267 App. Div. 220, 223; Sonn Brush Co. v. Lumber Mut. Fire Ins. Co., 249 App. Div. 675 [Nov. 11, 1936], app. den. 273 N. Y. 682; Clover Crest Stock Farm v. Wyoming Val. Fire Ins. Co., 108 Misc. 465, 476, revd. on other grounds 185 App. Div. 903.)
This burden of proof of defendant companies is not applicable in this motion since the complaint is found to be insufficient.
Motion denied, without costs.